[No. 903.   Decided June 30, 1893.]

PORT TOWNSEND NATIONAL BANK, *Respondent*, v. PORT TOWNSEND GAS AND FUEL COMPANY AND SAMUEL T. DOUGLASS, *Appellants*.

CORPORATIONS — TRANSFER AND PLEDGE OF STOCK — WANT OF RECORD — EFFECT OF JUDICIAL SALE AGAINST STOCKHOLDER.

The transfer by a stockholder of his shares of stock in a corporation, although no registration has been made thereof on the books of the corporation, will pass the title thereto to the transferee as against a subsequent purchaser on execution sale against the transferer.

Under § 2432, Code 1881, the interest of a pledgee in shares of stock in a corporation cannot be divested by judicial sale against the owner thereof, although such shares have not been transferred to the pledgee on the books of the corporation.

*Appeal from Superior Court, Jefferson County.*

*Ballinger & Loughary* (*Samuel T. Douglass*, of counsel), for appellants.

*Carroll & Rohde*, and *R. W. Jennings*, for respondents.

The opinion of the court was delivered by

HOYT, J.—This is a controversy as to fifty shares of the capital stock of the defendant corporation as between the respondent corporation and the appellant Samuel T. Douglass. The respondent claims as the purchaser of the shares at an execution sale, as the property of the person in whose name such shares were standing on the books of the corporation at the date of such sale. The appellant Douglass claims as pledgee of the same person. The certificates for said shares were, by such owner, endorsed and delivered to such pledgee as security for a certain sum of money. The lien of the execution sale at which the respondent purchased went back to the date of the levy by attachment, at which time the respondent had no notice of said appellant's interest in the shares or of the same having been in any manner transferred by the record owner thereof, but it did have such notice before the date of the execution sale. We are called upon to decide under these circumstances to whom in equity these shares belonged, it being conceded for the purposes of this decision that the pledgee's interest, if he has any at all, is sufficient to absorb the entire value of the stock.

Sec. 2429 of the Code of 1881 provides as follows:

"The stock of the company shall be deemed personal estate, and shall be transferable in such manner as shall be prescribed by the by-laws of the company; but no transfer shall be valid except between the parties thereto, until the same shall have been entered upon the books of the company, so as to show the names of the parties by and to

whom transferred, the numbers and designation of the shares and the date of the transfer.''

And § 2432 as follows:

''Any stockholder may pledge his stock by a delivery of the certificate or other evidence of his interest, but may, nevertheless, represent the same at all meetings and vote as a stockholder.''

There is a further provision in the sections contained in the same chapter as the ones above set out, that the books of the corporation containing the record of shareholders shall be open at all proper hours for the inspection of any of the stockholders or creditors of such corporation; but there is nowhere in the statute law of the state any provision which gives any other person than a stockholder or creditor of the corporation any right of access to such books.

Three questions are thus fairly presented to us for decision — (1) Does a transferee of shares of stock of a corporation in this state take title to such shares as against a creditor of the transferer before the registration of such transfer in the books of the corporation? (2) If, in the absence of notice of such transfer before the execution sale, he does not, will the fact that notice of his interest is given before such sale avail him in aid of his title? (3) If both of the above questions are decided adversely to the rights of such transferee, does a pledgee of such stock occupy any better position?

Nearly all of the states in the union have statutory provisions resembling those of our own upon this subject, and the course of decisions thereunder has not been entirely uniform, yet we think a careful investigation of all the cases will show that where the statute contains substantially the same provisions as ours, and does not contain any additional provisions whereby all persons interested have a right of access to the records of stock of the corpo-

ration, it has been almost universally held that an unrecorded transfer is good as against a purchaser at execution sale against the owner of record, even although such purchaser has no notice whatever of such transfer. The courts of a very great majority of the states in the union have announced this doctrine, and many of them have done so when interpreting statutes having much more positive provisions about the recording of such transfers and their invalidity if not so recorded than those of our own.    We shall not attempt to discuss these cases at any length; they are too numerous.

The principle upon which a majority of the decisions seems to rest is, that by the expressed provision of the statute the transfer between the parties is good, and that since the general rule in equity is that a purchaser at a judicial sale will take the real, instead of the apparent, interest of the judgment debtor, it follows that by the application of such rule the purchaser at a sale of such stock would in equity take only such interest therein as the judgment debtor had at the time the lien enforced by the execution sale attached.    It is true that our statute provides that these transfers shall not be valid excepting as between the parties until the record thereof is made, but a fair construction of this provision, in the light of those as to who are entitled to examine such record, is that such invalidity only exists in favor of the corporation or its creditors. They are the only ones who are enabled to ascertain anything about the ownership of the stock from the books, and for that reason it must be held that it is in their interest alone that such books are required to be kept and the transfers made of record thereon, and it would be illogical to hold that a record in a book which was in no manner kept for the benefit of the creditors of a stockholder should in any manner avail him to defeat a transfer which by the statute is made good as between his

debtor and the person to whom he transfers the stock. Where, by express language, the statute of the state had declared that an unrecorded transfer should not be valid for any purpose whatever until recorded, or that a transfer of the stock could only be made by certain formalities, among which was that of having it recorded in the transfer book, the courts were no doubt justified in holding that until such record had been made there had been no transfer at all, even as between the parties; or where the language as to the transfer and record thereof was similar to ours, but the statute contained an additional provision that the record book of such transfers should be open to the inspection of any person, it has been well held that such statutes construed as a whole made the transfer book a public record, and that an entry thereon of a transfer was as necessary to sustain the title of the transferee as the recording of a chattel mortgage or bill of sale to sustain it when such record is made a necessary requisite to the perfection of the title of the holder thereunder.    But none of these cases are of any value under a statute like ours, and we can see no reason whatever for holding that by reason thereof there has been any change made in the general rule as to what interest of a debtor is reached by a sale on execution against him.

It is not necessary that we should say much as to the second question above stated.    It is proper, however, to observe in regard thereto that among the few courts which have, under statutes similar to ours, held the title of the purchaser at the execution sale good as against an unrecorded transfer, are those of the State of California, in which state it has been expressly held that if at the date of the sale the purchaser had notice of the equities of the transferee he would take subject thereto, so that if we were to adopt the California rule it would not aid the contention of the respondent.

It will be seen from the above that, in our opinion, a transferee takes a good title, but even if he did not, it is clear to us that under the provisions of § 2432 above cited, a pledgee's interest could not be divested by an execution sale.    Said section seems to clearly intend that a stockholder may pledge his stock, and yet to all intents and purposes as between himself and the company and his fellow stockholders, be treated as the owner thereof.    This could not be if the pledgee in order to protect himself was compelled to have the assignment regularly made to him, and a transfer thereof recorded in the books of the corporation, for so soon as that was done he would become, as between himself and the corporation, the owner of the stock.    The suggestion of the respondent, that the transfer thus to be recorded might be a conditional one setting out the facts, does not meet with our approval for the reason that it would so complicate the question of the title to the stock as between the corporation and its stockholders as to seriously interfere with the business of the corporation.    A great deal might be said in favor of the construction which we have above given to our statute growing out of the history of the growth of transactions in the stock of corporations. It is a matter of common knowledge that shares of stock in corporations of all kinds are treated as personal property transferable by endorsement and delivery, and from the very necessities of the business of a corporation, in the manner in which all corporations are now conducted, that rule which will most encourage the transfer of their stock and give to certificates as much as possible the character of commercial paper will best subserve the public interests. We do not, however, feel called upon to enter upon any elaboration of this subject.    We think that the application of well settled rules of construction, when applied to our statute, will warrant the conclusion to which we have arrived.

The judgment must be reversed, and the cause remanded with instructions to dismiss the action.

DUNBAR, C. J., and STILES, ANDERS and SCOTT, JJ., concur.