[No. 4742.   Decided January 4, 1904.]

THE AMERICAN BONDING & TRUST COMPANY, *Appellant,*

v. PACIFIC BREWING & MALTING COMPANY,

*et al., Respondents.*[1]

CORPORATIONS — STOCK — PLEDGE — ACTION TO COMPEL TRANS-
FER—REMEDIES OF PLEDGEE—ADEQUATE REMEDY.   The pledgee of
stock in a corporation, pledged as security for a debt, can not
maintain an action to compel the transfer of the stock upon the
allegations that the debt is unpaid and exceeds the value of the
stock, and that there is no adequate remedy at law; since Bal.
Code, § 4264, treats such pledges as any other personal security
and authorizes the pledgor to vote and represent the stock; and
the remedies of the pledgee are to foreclose the pledge by bill in
equity, or to give notice of sale and apply the proceeds, and these
remedies are speedy and adequate (*Pt. Townsend Nat. Bank v.
Pt. Townsend Gas etc. Co.,* 6 Wash. 597, followed).

Appeal from a judgment of the superior court for Pierce
county, Huston, J., entered February 20, 1903, upon sus-
taining a demurrer to the complaint, dismissing an action
brought to secure the transfer of corporate stock. Affirmed.

*Frederick H. Murray,* for appellant.

*James F. O'Brien* and *Campbell & Powell,* for respond-
ents.

DUNBAR, J.—The appellant, the American Bonding &
Trust Company, a corporation, filed its complaint against
the respondents, the Pacific Brewing & Malting Company,
a corporation, M. Moses, agent, S. S. Loeb and Blanche
Loeb, his wife, and for cause of action alleged, in sub-
stance, the corporate capacity of the plaintiff and the
Pacific Brewing & Malting Company; that, prior to the
commencement of the action, the defendant Loeb owned

[1]Reported in 74 Pac. 826.

100 shares of stock of the Pacific Brewing & Malting Company, issued in the name of M. Moses, agent for Loeb, which said stock was assigned to the plaintiff as security for a certain bond of indemnity for the sum of $10,000, which security it now holds; that a liability exceeding $7,000 has arisen under said bond of indemnity, whereby and by virtue of which the said stock is liable therefor; that the reasonable value of the stock was worth $5,000; that dividends have from time to time been declared upon said stock; that, prior to the commencement of the action, plaintiff tendered and delivered said certificate of stock, transferred to it as security aforesaid, to the defendant Pacific Brewing & Malting Company, and demanded that said transfer of said stock be entered on the books of said company and said certificate be cancelled and a certificate in lieu thereof be issued to said company for said shares of stock, and also demanded at said time that dividends accruing, and having accrued, and hereafter accruing and due, on said stock be paid to the said plaintiff, and that no dividends belonging to said stock be paid to Loeb or Moses, agent, and that said demands were by said company refused; that the Pacific Brewing & Malting Company had knowledge of the pledge of said stock to the plaintiff; and that the Pacific Brewing & Malting Company threatens to and will, unless restrained, pay to said Loeb or Moses the dividends due on said stock; that plaintiff has no adequate remedy at law; and prayed, that an order issue from the court commanding and directing the defendant Pacific Brewing & Malting Company to transfer, and register said transfer of stock, on the books of said company, and to forthwith cancel said certificate, and issue to plaintiff, as pledgee, in lieu thereof, the certificate of said company for 100 shares of said stock; that all dividends heretofore accrued, and hereafter accruing, belonging to said stock,

be paid to said plaintiff; and that the said company be enjoined and prohibited from paying the same to said Loeb or Moses; and that temporary injunction issue from and under the direction of the court, restraining the Pacific Brewing & Malting Company from paying dividends due October 1, 1902, and all future accruing dividends; and prayed for costs.

The defendants demurred to the complaint, on the grounds, (1) that the court had no jurisdiction of the subject matter of the action; (2) that the plaintiff had no legal capacity to sue; (3) that the complaint and showing of the plaintiff does not state facts sufficient to constitute a cause of action, or to grant any relief to the plaintiff. Plaintiff refusing to plead further, judgment was entered for the defendants, and plaintiff appeals.

We think the demurrer was properly sustained on the last ground argued. Section 4264, Bal. Code, provides that any stockholder may pledge his stock by a delivery of the certificate or other evidence of his interest, but may nevertheless represent the same at all meetings and vote as a stockholder. The remedy for a pledgee, under such circumstances, is prescribed by Cook on Corporations (4th ed.), § 476, as follows:

"Where shares of stock are pledged as collateral security for a debt, and the debt is not paid, and the pledgee wishes to apply the stock to the payment of the debt, he has the right to pursue either one of two remedies. He may file a bill in equity for the foreclosure and sale of the pledge; or he may give notice to the pledgor of an intent to sell the stock, and may so sell it without any judicial proceedings, and may apply the proceeds to the payment of the debt."

And it seems to us that these remedies are speedy and adequate, and that the relief asked for by injunction is therefore not available. Our statute seems to contemplate that these securities shall be treated as any other personal

property security, and the very question at issue here was discussed by this court in *Port Townsend Nat. Bank v. Port Townsend Gas & Fuel Co.,* 6 Wash. 597, 34 Pac. 155, where the court, after citing § 2432, Code of 1881, which is § 4264, Bal. Code, said:

"Said section seems to clearly intend that a stockholder may pledge his stock, and yet to all intents and purposes as between himself and the company and his fellow stockholders, be treated as the owner thereof. This could not be if the pledgee in order to protect himself was compelled to have the assignment regularly made to him, and a transfer thereof recorded in the books of the corporation, for so soon as that was done he would become, as between himself and the corporation, the owner of the stock."

And the suggestion of the appellant in this case, that the transfer to be recorded should be a conditional one, allowing the pledgor to still vote the stock, is met by the further suggestion of the court in the case just quoted, as follows:

"The suggestion of the respondent, that the transfer thus to be recorded might be a conditional one setting out the facts, does not meet with our approval, for the reason that it would so complicate the question of the title to the stock as between the corporation and its stockholders as to seriously interfere with the business of the corporation."

We are satisfied with the reasoning of that case, and believe that the best and most practical and least confusing manner for the pledgee to obtain the benefit of his pledge is as pointed out by Cook on Corporations, as above quoted.

The judgment is affirmed.

FULLERTON, C. J., and HADLEY, MOUNT, and ANDERS, JJ., concur.