### In re BROCKTON IDEAL SHOE CO.

### Ex parte LAVERS.

(District Court, S. D. New York. February 28, 1912.)

BANKRUPTCY (§ 117*)—ANCILLARY RECEIVER—SALE OF ASSETS.

> Bankruptcy proceedings having been instituted against a corporation in Massachusetts, and an ancillary receiver appointed to take charge of the bankrupt's business in New York, such receiver's duty was limited to the collection of assets and to hold the same awaiting the appointment of a trustee; and, in the absence of any application by the Massachusetts receivers, the New York court would not authorize the ancillary receiver to sell the bankrupt's entire stock in New York, merely because the season for the sale thereof had passed and the keeping of the goods entailed some cost.
>
> [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 167, 724; Dec. Dig. § 117.*]

In Bankruptcy. In the matter of bankruptcy proceedings of the Brockton Ideal Shoe Company. On application of Henry Lavers, ancillary receiver appointed in New York, to sell the bankrupt's New York stock. Denied.

HAND, District Judge. The order asked for may be very satisfactory in this instance, but the practice is capable of great abuse. The ancillary receiver wishes to sell out the whole stock of shoes here in New York, because it costs something to keep them and they are winter goods. I do not believe the act ever contemplated any such thing. If the creditors could be got together, all of them, and their wishes considered, I should not stand on the formality of a trustee, if the case originated here.

But, even if those facts existed here, it is the District Court of Massachusetts that will have jurisdiction of such sales after a trustee has been appointed. There has already been an adjudication, and for all substantial purposes of administration the Massachusetts court ought to be regarded as already in charge. The New York receiver has nothing to do but collect the assets and wait for a trustee. If

the Massachusetts receivers think the matter of pressing importance, they can go to their own court for instructions. If Judge Dodge, or the referee, thinks it wise and proper to sell, I will gladly co-operate by ordering a sale upon an application here of the ancillary receiver showing that fact. That will be the nearest approach possible to the result, if a trustee were in fact appointed, and it ought to take only a short time. No such pressing necessity appears as justifies anything further.