# STOWE, TRUSTEE IN BANKRUPTCY OF HARVEY, *v.* HARVEY.

### APPEAL FROM THE CIRCUIT COURT OF APPEALS FOR THE NINTH CIRCUIT.

No. 329.   Argued April 27, 28, 1916.—Decided May 8, 1916.

In this case the substantial controversy was whether a transfer made by the bankrupt to his wife of certain valuable certificates of stock was·made before or after insolvency; and, notwithstanding doubts engendered by conflicting statements and questionable circumstances and the different conclusion reached by the trial court, this court agrees with the conclusion reached by the Circuit Court of Appeals that the gift was made during the period of solvency.

In California, where the bankrupt resided, title to stock may be transferred by delivery of certificates and the corporate books are not for public information.

219 Fed. Rep. 17, affirmed.

THE facts, which involve the legality of a transfer of assets made by the bankrupt more than four months prior to the filing of the petition, are stated in the opinion.

*Mr. A. E. Shaw*, with whom *Mr. Bert Schlesinger*, *Mr. Edwin H. Williams* and *Mr. Edward M. Cleary* were on the brief, for appellant.

*Mr. Charles S. Wheeler*, with whom *Mr. John F. Bowie* was on the brief, for appellee.

MR. JUSTICE McREYNOLDS delivered the opinion of the court.

J. Downey Harvey of San Francisco was adjudged a bankrupt November 17, 1911. Appellant having become trustee of the estate instituted this proceeding to set aside a transfer by the bankrupt to his wife—defendant in error—of certain stock in Shore Line Investment Company because made without consideration and with intent to delay and defraud his creditors. The complaint alleges that the gift was made and stock transferred in November, 1909, when it is admitted Harvey was insolvent. Mrs. Harvey maintains that her husband gave the stock and actually delivered the properly endorsed certificate to her in 1905, during all of which year his solvency is conceded. The substantial controversy throughout has been upon the question of fact thus raised.

Having heard witnesses, the trial court held the transfer was made in 1909 and rendered a decree in favor of the trustee. The Circuit Court of Appeals after a careful review of the evidence, reached a contrary conclusion. 219 Fed. Rep. 17. We are now asked to reverse its decree and sustain the trial court.

Notwithstanding doubts necessarily engendered by some conflicting statements and questionable circumstances, upon consideration of the whole record we think the decision of the Circuit Court of Appeals is correct.

Appellant also suggests (a) that the gift is void because Mrs. Harvey permitted her husband for more than four years to retain apparent title to the stock and hold himself out as its real owner; and (b) that there was no actual and continuous change of possession as required by the state statute against fraudulent conveyances. In reply to these suggestions it seems only necessary to cite *National Bank* v. *Western Pacific Ry.*, 157 California, 573, 581, which announces as settled doctrine in California

that title to stock may be transferred by delivery of certificates and corporate books are not for public information.

The judgment of the Circuit Court of Appeals is

*Affirmed.*

MR. JUSTICE McKENNA took no part in the consideration or decision of this case.