## WEST v. EMPIRE LIFE INS. CO.

### In re COLUMBUS SECURITIES CO.

(District Court, W. D. Washington, N. D.   September 14, 1916.)

#### No. 4.

BANKRUPTCY ☞299—SUIT BY RECEIVER—RIGHT OF INTERVENTION.

> In a suit brought by the receiver of a bankrupt New Jersey corporation in a District Court in Washington by which he had been appointed ancillary receiver to wind up the affairs of a Washington corporation in which bankrupt claimed to be a large stockholder, other claimants of the stock held by the bankrupt may properly be allowed to intervene; the court in Washington, rather than that in New Jersey, being the proper forum in which to determine rights in a Washington corporation.
>
> [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 448; Dec. Dig. ☞299.]

In Equity. Suit by Henry J. West, as receiver in bankruptcy of the Columbus Securities Company, against the Empire Life Insurance Company. On motion by complainant to dismiss petitions in intervention. Denied.

Donworth & Todd, of Seattle, Wash., for plaintiff.

Corwin S. Shank and H. C. Belt, both of Seattle, Wash., for interveners.

NETERER, District Judge. The Columbus Securities Company having been adjudged bankrupt, the plaintiff was by the United States

District Court of New Jersey appointed receiver, and ancillary receiver by this court. The company, at the time, claimed to own 80 per cent. of the capital stock of the defendant, a corporation organized and doing business under the laws of the state of Washington, and having ceased to do business in the state, and certain actions having been commenced in the Washington state court by parties claiming that they have been fraudulently deprived of stock in the defendant corporation by the Columbus Securities Company, the plaintiff, as receiver, was authorized by the District Court of New Jersey and this court to prosecute this action, the purpose of which is to administer the estate of the defendant company and wind up its affairs. Various intervening petitions have been filed with the court's permission by persons claiming to be owners of shares of the capital stock of the defendant company, which, it is claimed, was obtained by the Columbus Securities Company through fraud, and pray that it be so adjudged. Motion is made by the plaintiff to strike these intervening petitions, on the ground that the bankruptcy court in the district of New Jersey is in possession of the stock and has jurisdiction to determine all conflicting claims with reference thereto, and that this court has not jurisdiction.

Many authorities have been cited by both sides, but, in the main, I think, upon matters to which there can be no contention. The situs of the defendant, it being a Washington corporation, is in this district, and this would also be the place where suits concerning title to the stock or attachment and execution may be brought, as stated by Story on Conflict of Laws, § 363. The situs of the corporation is the proper forum to determine the right to ownership of its capital stock, provided jurisdiction can be obtained of the party having the stock. This also seems to have been the opinion of the plaintiff in prosecuting this action, for, with respect to the cases pending in the state court challenging the title to stock of the defendant and asking its adjudication, he says that the matter should be "determined and fixed by the order, judgment, or decree of the United States District Court for the District of New Jersey, *or by this court*," and since the purpose of the action is to wind up the business and affairs of the defendant company, it would seem that the issue between the contending stockholders should be determined in this action, to the end that distribution can be adjudged to the proper parties, and, the holder of the stock of the Columbus Securities Company being before this court upon the authority and direction of the bankruptcy court, the motion to dismiss the petitions in intervention should be denied.

As I view the issue, Richardson v. Shaw, 209 U. S. 365, 28 Sup. Ct. 512, 52 L. Ed. 835, 14 Ann. Cas. 981, Gorman v. Littlefield, 229 U. S. 19, 33 Sup. Ct. 690, 57 L. Ed. 1047, and Stowe v. Harvey, 241 U. S. 199, 36 Sup. Ct. 541, 60 L. Ed. 953, and Duel v. Hollins, 241 U. S. 523, 36 Sup. Ct. 615, 60 L. Ed. 1143, decided by the Supreme Court May 8 and June 5, 1916, respectively, have no application.