## KNAUTH, NACHOD & KUHNE *v.* LATHAM & COMPANY ET AL.

## JAFFE ET AL., SURVIVING MEMBERS OF THE FIRM OF KNAUTH, NACHOD & KUHNE, *v.* LOVELL, AS CUSTODIAN, &c., AND AS TRUSTEE IN BANKRUPTCY OF KNIGHT, YANCEY & COMPANY, ET AL.

## JAFFE ET AL., SURVIVING MEMBERS OF THE FIRM OF KNAUTH, NACHOD & KUHNE, *v.* WESTPHALEN ET AL.

Nos. 98, 259, 260. Submitted November 13, 1916.—Decided January 8, 1917.

A bill seeking to impress a trust upon personal property belonging to a bankrupt's estate, upon the theory that it was procured by means of moneys of which the plaintiff was defrauded by the bankrupt, must trace such moneys by adequate averments into the specific property sought to be affected.

Claimants seeking priority of payment from a bankrupt's estate upon the ground that moneys obtained from them fraudulently by the bankrupt went into his business and swelled the estate, must go to the bankruptcy court in which the estate is being administered; such claims are not adjudicable in suits for the recovery of the bankrupt's property in other jurisdictions.

219 Fed. Rep. 721, affirmed.

THE cases are stated in the opinion.

*Mr. Julien T. Davies, Mr. Thomas M. Stevens, Mr. W. H. Watson* and *Mr. George T. Hogg* for petitioners and appellants.

*Mr. Walker B. Spencer* and *Mr. Charles Payne Fenner* for Latham & Company *et al.*

*Mr. Augustus Benners* for Lovell.

*Mr. Henry P. Dart, Mr. E. C. Maxwell* and *Mr. Henry P. Dart, Jr.,* for appellees in No. 260.

MR. JUSTICE MCREYNOLDS delivered the opinion of the court.

## NUMBER 98.

Knight, Yancey and Company were duly adjudged bankrupts in the District Court, Northern District of Alabama, April 21, 1910. A few days later, in conjunction with a firm creditor, the receivers brought suit in the United States Circuit Court, Fifth Circuit, Southern District of Alabama, against Latham and Company, a French partnership, Frederick Leyland Steamship Company, Limited, Louisville & Nashville Railroad Company and others, seeking to recover 4200 bales of cotton about to be exported from Mobile, upon the ground that while insolvent the bankrupts had transferred it to Latham and Company in payment of prior indebtedness and with intent to prefer them. After being taken into possession by the United States Marshal, by order of court, the cotton was released, May 14, 1910, to Latham and Company, who executed a bond conditioned, "Now, therefore, if the obligors herein shall have forthcoming and deliver within sixty days from date of any final decree of this court said cotton to the proper officer of the court, or shall pay and satisfy such decree as may be rendered in the premises, then this obligation shall be null and void, otherwise to

remain in full force and effect." Later the trustee in bankruptcy was substituted as complainant.

July 1, 1910, Knauth, Nachod and Kuhne filed in the cause a so-called cross bill, subsequently amended, which on motion was dismissed both for want of equity upon its face and because the court lacked jurisdiction to entertain it. The Circuit Court of Appeals affirmed this action.

The amended cross bill is a mass of prolix and vagrant statements and allegations from which it is difficult to spell out any very definite theory. Apparently because $98,000—approximate market value of 1300 bales of cotton—had been fraudulently obtained from Knauth, Nachod and Kuhne by the bankrupts and used by them in their business, the former sought to impress a trust upon what the latter thereafter acquired, including the 4200 bales of cotton found at Mobile.

The allegations of the bill are wholly inadequate to trace the funds into any specific cotton, *Peters* v. *Bain*, 133 U. S. 670, 693; and the cross bill must be regarded as an attempt to secure from the estate priority of payment on account of money fraudulently obtained by the bankrupts and put into their business. Manifestly such a proceeding could not be entertained in the Southern District of Alabama. The estate was being administered in another court. *Mueller* v. *Nugent,* 184 U. S. 8; *Jones* v. *Springer,* 226 U. S. 153; *Acme Harvester Company* v. *Beekman Lumber Company,* 222 U. S. 300; *Lazarus* v. *Prentice,* 234 U. S. 267; *Jaffe* v. *Weld,* 208 N. Y. 593.

The judgment of the Circuit Court of Appeals is

*Affirmed.*

### NUMBER 259.

The record contains the amended bill of complaint; motions to dismiss with objections thereto; final judgment of dismissal for want of jurisdiction; assignment of errors, etc.

Shortly after Knight, Yancey and Company were adjudged bankrupts, upon application of the receivers (May, 1910), the United States District Court, Northern District of Florida, enjoined the Louisville and Nashville Railroad from removing or disposing of 3600 bales of cotton in its possession at Pensacola; and in June thereafter the duly selected trustee instituted suit seeking to recover possession of the cotton upon the ground that it had been transferred with intent to prefer. By the court's direction 2635 bales were thereafter delivered to Latham and Company who claimed them as owners, a forthcoming bond having been given. The remainder—965 bales—was sold and proceeds deposited in the First National Bank of Pensacola to await final orders.

Subsequently appellants instituted an original proceeding claiming that the bankrupts had fraudulently obtained from them $98,000 and invested it in this or other cotton or otherwise, and that they were entitled to impress a trust upon the avails of such funds.

The involved and erratic allegations are wholly inadequate to show with sufficient definiteness that the funds were invested in the cotton at Pensacola; and the bill must be considered as an attempt to secure priority of payment out of the bankrupts' estate upon the theory that it was increased by appellants' money. There was no jurisdiction to entertain such a proceeding in the District Court in Florida; and the judgment below is accordingly

*Affirmed.*

### NUMBER 260.

The record also consists of the amended bill, filed April 20, 1914; motions to dismiss with objections thereto; final judgment of dismissal for want of jurisdiction; assignments of error, etc.

At the instance of the receivers of Knight, Yancey and

Company, May, 1910, the Louisville and Nashville Railroad was enjoined by the United States District Court, Northern District of Florida, from removing or disposing of 1950 bales of cotton then in its possession at Pensacola, Florida, and claimed by Westphalen and Company. Afterwards that firm instituted an original suit to recover, pending which, under agreement, the cotton was sold and the proceeds deposited in two banks at Pensacola subject to final judgment. The proceedings were substantially the same as in Number 259 and like action was taken by the court. The judgment below is

*Affirmed.*

CERTIORARI TO THE CIRCUIT COURT OF APPEALS FOR THE SECOND CIRCUIT.