## WEST v. EMPIRE LIFE INS. CO.

(District Court, W. D. Washington, N. D.    May 4, 1917.)

### No. 4.

1. BANKRUPTCY ⟨⟩299—SUITS BY RECEIVER IN BANKRUPTCY—INTERVENTION.
    Where a receiver in bankruptcy appointed in New Jersey, claiming that the bankrupt estate owned 80 per cent. of the capital stock of a Washington corporation, brought suit in a District Court of Washington to wind up the affairs of such corporation, persons claiming that they were fraudulently deprived of stock in such corporation held by the receiver could not intervene and have their right to such stock adjudicated, as the stock was in the possession of the bankruptcy court, through its receiver, and any issue concerning it must be determined in that court.
    [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 448.]

2. BANKRUPTCY ⟨⟩293(1)—JURISDICTION OF COURTS OF BANKRUPTCY—ANCILLARY JURISDICTION.
    The filing of a petition in bankruptcy and an adjudication brings the property of the bankrupt, wherever situated, into the custody of the bankruptcy court, and a court in which ancillary proceedings are pending has nothing to do but collect the assets and transmit them to the bankruptcy court for distribution.
    [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 411.]

3. CORPORATIONS ⟨⟩129—TRANSFER OF STOCK—NECESSITY OF REGISTRATION.
    The transfer of stock by a shareholder passes title, though not registered on the books of the corporation.
    [Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 479, 480, 482, 492.]

4. CORPORATIONS ⟨⟩65—SHARES OF STOCK—NATURE OF PROPERTY.
    The property of shareholders in their shares and the property of the corporation in its capital stock are distinct property interests.
    [Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 165-171.]

In Equity. Suit by Henry J. West, as receiver in bankruptcy for the Columbus Securities Company, against the Empire Life Insurance Company. On motion to dismiss petition in intervention. Motion granted.

Donworth & Todd, of Seattle, Wash., for plaintiff.

Corwin S. Shank and H. C. Belt, both of Seattle, Wash., for interveners.

NETERER, District Judge. This case was before the court in 237 Fed. 303, in which it was held that the situs of a corporation is the proper forum to determine the right to ownership of its capital stock, provided jurisdiction can be obtained of the party having the stock, and that, since the purpose of the action is to wind up the business

---

⟨⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

.and affairs of the defendant company, the issue between the contending stockholders with relation to ownership might be determined in this action, to the end that distribution can be adjudicated to the proper parties, and the receiver, holding the stock of the Columbus Securities Company, being before this court upon the authority and direction of the bankruptcy court, the court obtained jurisdiction of the stock, .and denied a motion to dismiss the petitions in intervention.

[1, 2] Since that hearing, the Supreme Court, in Knauth, Nachod & Kuhne v. Latham & Co., 242 U. S. 426, 37 Sup. Ct. 139, 61 L. Ed. ——, decided January 8, 1917, had before it practically the same issue that is before this court, and the receiver in the instant case, by the court's permission, has again attacked the right to intervene in substantially the same manner, and a re-examination of the issue and of the authorities, I think, is conclusive that this court may not entertain the proceedings in intervention. The bankrupt's estate, from the filing ·of the petition, is regarded as in custodia legis. Acme Harvester Co. v. Beekman Lumber Co., 222 U. S. 300, 32 Sup. Ct. 96, 56 L. Ed. 208; Jones v. Springer, 226 U. S. 148, 33 Sup. Ct. 64, 57 L. Ed. 161. The filing of the petition and adjudication in the bankruptcy court in New Jersey brought the property of the bankrupt, wherever situate, into ·custodia legis of the District Court for. the District of New Jersey. Lazarus v. Prentice, 234 U. S. 263, 34 Sup. Ct. 851, 58 L. Ed. 1305. The purpose of the Bankruptcy Act is to establish a uniform system ·of bankruptcy throughout the United States, and place the bankrupt's property, wherever situate, under the control of the court, for the purpose of determining the status of the bankrupt and the settlement and distribution of such estate. Acme Harvester Co. v. Beekman Lumber Co., supra. And upon adjudication title to such property becomes vested in the trustee, under section 70 of the Bankruptcy Act (Act July 1, 1898, c. 541, 30 Stat. 565 [Comp. St. 1916, § 9654]), and in the custody and control of the bankruptcy court. Mueller v. Nugent, 184 U. S. 1, 22 Sup. Ct. 269, 46 L. Ed. 405. The ancillary court may act summarily in aid of the court of original jurisdiction, when such court could have compelled an act by summary proceeding. Babbitt v. Dutcher, 216 U. S. 102, 30 Sup. Ct. 372, 54 L. Ed. 402, 17 Ann. Cas. 969. But for all substantial purposes of administration the court of original jurisdiction, which is in control of the bankrupt estate, is regarded as in charge, and the ancillary court has nothing to ·do but collect the assets and transmit them to the bankruptcy court for distribution. In re Brockton Ideal Shoe Co. (D. C.) 194 Fed. 233. A party may not intervene in an ancillary suit brought by the trustee or receiver, the sole purpose of which is to collect assets of the bankrupt for transmission to the bankruptcy court for administration. Knauth, Nachod & Kuhne v. Latham & Co., supra. In this case the court said:

"Manifestly such a proceeding could not be entertained in the Southern district of Alabama. The estate was being administered in another court."

[3] In this action the receiver appointed by the bankruptcy court in the Northern district of Alabama brought an action in the Southern district of the same state to set aside an alleged preference, and in-

tervention was sought for the purpose of impressing a lien upon the fund. In the instant case the receiver claims that the bankrupt estate is the owner of 80 per cent. of the capital stock of the defendant corporation, the affairs of which he seeks to wind up. The interveners allege they were fraudulently deprived of stock now held by the plaintiff receiver, and pray this court to adjudicate the right to the stock. The transfer of stock by a shareholder passes title, even though not registered on the books of the corporation. Port Townsend National Bank v. Port Townsend Gas & Fuel Co., 6 Wash. 597, 34 Pac. 155.

[4] It is well settled by the Supreme Court that the property of shareholders in their shares and the property of the corporation in its capital stock are distinct property interests. New Orleans v. Houston, 119 U. S. 265, 7 Sup. Ct. 198, 30 L. Ed. 411. The controversy raised by the petition in intervention does not involve any act or right of the defendant corporation, or of the plaintiff receiver as such, but rather a dispute between the receiver, as a shareholder of the bankrupt estate, and the interveners, claiming some of the same stock; and, the shares being in the possession of the bankruptcy court in the district of New Jersey, through its receiver, this ownership and right of possession is sought to be contested by the intervener. But by the decision of the Supreme Court in Knauth, Nachod & Kuhne v. Latham & Co., supra, this may only be done in the bankruptcy court, and, this being an ancillary suit, the petitions in intervention may not be entertained.

The cases cited by the petitioner do not apply to the facts in this case. Bardes v. Hawarden Bank, 178 U. S. 524, 20 Sup. Ct. 1000, 44 L. Ed. 1175, decided before the 1903 and 1910 amendments, held that under section 23b (Comp. St. 1916, § 9607) controversies of independent suits brought by the trustee in bankruptcy to assert title to money or property as assets of the bankrupt against strangers to the bankruptcy proceedings can only be brought in the United States court by the consent of the defendant. Jaquith v. Rowley, 188 U. S. 620, 23 Sup. Ct. 369, 47 L. Ed. 620, was an application for summary proceeding on the part of the court to require the payment of moneys on deposit before the commencement of the bankruptcy proceedings, and the court held that under section 23, supra, the District Court was without jurisdiction. In Lovell v. Newman, 227 U. S. 412, 33 Sup. Ct. 375, 57 L. Ed. 577, the question for decision was whether an action on a bond given by third parties for the release of certain cotton claimed by the trustee was a proceeding under the Bankruptcy Act, so as to give the federal court jurisdiction, or whether jurisdiction must be determined by diverse citizenship; while in the instant case the issue between the receiver and the interveners is clearly concerning property now in the custody of the bankruptcy court, and that court must determine the rights between the contending parties.