## In re SMITH.

## PAYNTER v. SLATOR et al.

(District Court, S. D. Texas, at Laredo. December 3, 1924.)

No. 13.

1. **Bankruptcy ☞213—Value of mortgaged property to be determined in view of its mortgaged condition.**

In determining whether a bankrupt has an equity in mortgaged property, it must be valued in its actual condition, subject to the mortgage and its conditions, and not at the value it might have, if free of incumbrance.

2. **Bankruptcy ☞101—Adjudication brings into custody of the court only property of which bankrupt has possession.**

An adjudication in bankruptcy operates as a universal caveat, and brings in custodia legis. all property of the bankrupt of which he has possession at the time, but not property to which he may have title, but of which he is not in possession, until it is reduced to possession by plenary suit.

3. **Bankruptcy ☞213—Possession of mortgaged property under foreclosure does not pass to bankruptcy court.**

Where property of a bankrupt is subject to a valid mortgage, which is unaffected by the Bankruptcy Act (Comp. St. §§ 9585-9656), and which is in process of foreclosure in a state court at the time of adjudication, custody of the property remains in the state court, and does not pass to the court of bankruptcy.

4. **Bankruptcy ☞213—Sale by mortgagee under power of sale held valid as against the trustee of mortgagor.**

Where under the state law, as in Texas, a power of sale in a mortgage or trust deed gives a contract right to pass title to the property as against the mortgagor and all junior lienholders, the posting of notice of sale thereunder prior to the filing of a petition in bankruptcy against the mortgagor is a constructive taking of possession by the mortgagee, which possession is not affected by the subsequent adjudication, and a sale pursuant to such notice, though after adjudication, is valid as against the trustee.

In Equity. Suit by Hollie D. Paynter, trustee in bankruptcy of L. C. Smith, against M. D. Slator and others. Decree for defendants.

Asher R. Smith, of Laredo, Tex., Henry A. Bundschu, of Kansas City, Mo., for plaintiff.

White, Wilcox, Graves & Taylor, of Austin, Tex., and F. Stevens, of San Antonio, Tex., for defendants.

HUTCHESON, District Judge. This is a suit by Hollie D. Paynter, as trustee in bankruptcy of the estate of L. C. Smith, in which it is sought to set aside a sale made under the power contained in a deed of trust

executed on the 31st day of October, 1913, and renewed from time to time by M. D. Slator and L. C. Smith, who were joint owners of a tract of land of 17,500 acres in Webb and Zapata counties, Tex.

The facts are undisputed, except as to the value of the land in dispute. They are, briefly: That Slator lives in Texas, and L. C. Smith, the bankrupt, lives in Missouri. That, the principal note of $35,000 and one of the interest notes being in default, H. P. Drought, in accordance with the terms of the deed of trust, did on November 12, 1923, post three notices of sale in Webb and Zapata counties, and that, pursuant to said notices, the property was sold at public sale on the 4th day of December, 1923, and at said sale was bought by the defendant, H. P. Drought. Thereafter, on the 8th day of December, 1923, the land was sold by Drought to Slator for $38,433.14. That at the date of the sale of said land under the deed of trust there was due $41,916.15. That now, if the sale should be avoided, there would be due on the debt, up to October 20, 1924, the sum of $45,576.30. That neither Drought nor Stevens, the substitute trustee, had any notice of the bankruptcy proceedings until after the land had been sold under trustee's sale, and in turn conveyed to Slator. That an involuntary petition in bankruptcy was filed against L. C. Smith, bankrupt, in the District Court of the United States for the Western Division of Missouri, at Kansas City, on November 17, that he was adjudicated bankrupt on November 20, 1923. That Hollie D. Paynter was appointed receiver of the bankrupt's estate on November 27, 1923. That a copy of the order of adjudication of the bankrupt was recorded in Zapata county, Tex., on the 17th day of December, 1923, and in Webb county on the 7th day of December. That the schedules in bankruptcy were filed on the 6th day of February, 1924, and that the receiver, Paynter, was elected trustee on 25th day of February, 1924, and that neither as receiver nor trustee did he have any notice of the foreclosure proceedings, until January, 1924. That the trustee had never at any time offered to pay any interest, or bear any of the burdens incident to the indebtedness.

Upon the testimony of value I find that, while at the time of the making of the deed of trust and its various extensions the property was worth in excess of the debt, at the time of the sale, on account of the great depression which existed in the cattle business, lands for grazing, which is the use to which this land was adapted, had become practically unsalable, and their rentals had been enormously reduced, so that at the time of the sale the property was worth far less than it was at the time of the giving of the mortgage. I find that had the property been in free hands—that is, unincumbered by past due mortgage, and in a condition to be held until a purchaser could be discovered for it—it would have been worth somewhat more than the mortgage, just how much more upon the evidence I find it very difficult to say. But in the condition it was in, incumbered by mortgage to very near its entire value, the whole property, and therefore the half interest in the bankrupt, was not worth in excess of the mortgage debt, and there was no equity for the bankrupt.

Could the property be treated as in free hands, it is my opinion that the property was probably worth $3 an acre, with an equity, therefore, in the bankrupt at this time of something like $4,000 or $5,000. The debt, and its validity and amount, are conceded. The whole contention on the foregoing facts is that, on account of the bankruptcy of the Smith estate prior to the sale under the deed of trust, the property had passed into the custody of the bankruptcy court, which custody preserved the status, and prevented any effective sale under the power, at least until in due process of administration, the bankruptcy court could elect either to surrender the property as burdensome, or by administration, realize the bankrupt's equity out of it.

[1] Plaintiff concedes that, if there was no equity for the bankrupt, the sale must stand, but contends that the finding of the court that the property must be valued in its mortgage condition is incorrect, and that upon the finding that there was an equity, had the property been free and unincumbered, prima facie right on the part of the plaintiff to have the sale set aside is established. With this contention I do not agree, because the administration of an equity in bankruptcy is a practical, not a theoretical, proposition, and it is unsound to say that property can be valued for the purpose of determining the beneficial interest of the bankrupt in it from any other standpoint than that which its actual condition presents. Mente & Co. et al. v. Old River Company (D. C.) 3 F.(2d) 38.

Since, however, the parties have with such industry, ingenuity, and ability presented and argued the contention of the validity of the sale, even assuming that there was an

equity for the bankrupt, I have concluded to dispose of the matter, not from the standpoint of the want of equity of the bankrupt in the property, but from that of want of equity in the bill, having concluded that the adjudication of the bankrupt was not effective to suspend or prevent the sale under the power, and that that sale was valid and effectual to pass the title to the property. The reasons which support this conclusion will be briefly stated.

[2] Notwithstanding the difficulty inhering in the application of the doctrine of custodia legis to real property situated in a jurisdiction other than that of the adjudication, which view has been ably pressed by defendant, and which finds support in Jones on Mortgages, § 1234, citing Whitridge v. Taylor, 66 N. C. 273, I agree with plaintiff's contention, in view of the amendment of the Bankruptcy Act (Comp. St. § 9585–9656), which gives general ancillary jurisdiction to all bankruptcy courts (Collett v. Adams, 249 U. S. 545, 39 S. Ct. 372, 63 L. Ed. 764; Knauth, Nachod & Kuhne v. Latham, 242 U. S. 427, 37 S. Ct. 139, 61 L. Ed. 404; Lazarus v. Prentice, 234 U. S. 263, 34 S. Ct. 851, 58 L. Ed. 1305) that the adjudication in bankruptcy of Smith in the Western district of Missouri operated as a universal caveat, and brought in custodia legis, not only the property of the bankrupt in that jurisdiction, but the property of the bankrupt in his possession at the time of the bankruptcy wherever situated (Acme Harvester v. Beekman, 222 U. S. 301, 32 S. Ct. 96, 56 L. Ed. 208).

This caveat, however, does not extend to all property to which the bankrupt has title, but only to that of which he has possession also, as to which property the summary jurisdiction of the bankruptcy court is complete. As to all property of the bankrupt not in his possession at the time of bankruptcy, the doctrine of custodia legis does not extend, until by plenary suit it has been reduced to possession.

[3] Bankruptcy Act, § 67d (Comp. St. 9651), provides that valid, bona fide liens are not affected by the act, and it has been affirmatively settled by the authorities that, as to all liens where foreclosure has been commenced prior to the bankruptcy, the property covered thereby is not drawn into the bankruptcy court, but remains in the custody of the court of foreclosure. Griffin et al. v. Lenhart et al. (C. C. A.) 266 F. 671; Brown Shoe Co. v. Wynne (C. C. A.) 281 F. 807. Had Drought, therefore, commenced foreclosure proceedings in the state court, instead of beginning trustee's sale by posting notices, there can be no doubt that the bankruptcy could not in any manner have affected the proceedings, and the state court could and should have proceeded to judgment and sale.

[4] This much is conceded by the parties. The rub comes where the contention of the plaintiff that, adjudication having taken place before the sale, the sale constituted an unwarranted interference with the custody of the bankruptcy court, under the analogy of a suit of foreclosure commenced after bankruptcy, meets the contention of the defendant that this analogy is false, and that the true analogy is found in cases where possessory rights under contract are asserted against the bankrupt, such as under conditional sales (York Mfg. Co. v. Cassell, 201 U. S. 350, 26 S. Ct. 481, 50 L. Ed. 782), or sales under powers (Hiscock v. Varick Bank, 206 U. S. 28, 27 S. Ct. 681, 51 L. Ed. 945).

In support of their contentions both parties cite authorities in point. For the plaintiff is In re Hasie, 206 F. 789, opinion by District Judge Meek, Northern district of Texas, holding flatly that a sale under a deed of trust is void, Cohen v. Nixon, 236 F. 407 (D. C. Georgia), to the same effect, and Pugh v. Loisel, 219 F. 417, 135 C. C. A. 221, a case of foreclosure, but one whose general expressions give him comfort. On the point that a sale under a deed of trust is valid, Bray v. Aikin, 60 Tex. 688; Hall v. Bliss, 118 Mass. 554, 19 Am. Rep. 476, and McGready v. Harris, 54 Mo. 137, which cases flatly support defendant's contention, and, in addition, defendant argues that In re Hasie misinterpreted and misunderstood the status of powers of sale in Texas, and therefore cannot be followed as authority.

In this particular defendants are correct, for it is the rule in Texas that a power of sale granted in a deed of trust is not a mere remedy, but it is a contract right, effective to pass full title, foreclosing, not only the maker, but all junior lienholders. Hampshire v. Greeves, 104 Tex. 620, 143 S. W. 147. Nor can this right be taken away by retroactive law. International Bldg. & Loan Ass'n v. Hardy, 86 Tex. 610, 26 S. W. 497, 24 L. R. A. 284, 40 Am. St. Rep. 870. It is also clear that Judge Meek misinterpreted the Texas authorities as to the effect of death on the power of sale, it being the law in Texas that death does not affect the power. Wiener v. Zwieb, 105 Tex. 262, 141 S. W. 771, 147 S. W. 867.

Plaintiff concedes that, if this were a sale

by a pledgee of property in his possession, the sale would be valid under the authority of Hiscock v. Bank. He contends, however, that the property was never in the possession of the trustee in the deed of trust, but was in the possession of the bankrupt, and that In re Eppstein, 156 F. 42, 84 C. C. A. 208, 17 L. R. A. (N. S.) 465, Stanard v. Dayton, 220 F. 442, 137 C. C. A. 35, and Dayton v. Pueblo Co., 241 U. S. 589, 36 S. Ct. 695, 60 L. Ed. 1190, control.

I agree with plaintiff that, whatever inconsistencies and vagaries appear in the application given by the courts to the doctrine of custodia legis, this one thing is fixed: That property which is actually in custodia legis cannot be put up at forced sale, or by any sort of vis major have its title affected adversely to the bankrupt, without the consent of the court of its custody, and I also agree with plaintiff that the Eppstein Case and the Dayton Case furnish very strong analogies. In those cases, however, it will be noted that the sale, while not through court process, was a forced sale, and that the possession and right to possession was in the bankrupt when adjudication occurred; whereas, here the sale was under a contract right given by the bankrupt, and the trustee had, under the terms of the contract, taken constructive possession, at least, of the property in order to exercise his power before adjudication.

To such a case the rule of York Mfg. Co. and the Hiscock Case I think applies. In the Hiscock Case, which was a sale under a pledge, it appeared that no effort was made to enforce the pledge until after the petition in bankruptcy had been filed, but the sale was made before the adjudication, the court, affirming the sale against the judgment of the lower court setting it aside, said:

"According to the terms of the Bankruptcy Act, the title of the bankrupt is vested in the trustee by operation of law as of the date of the adjudication. * * * When the petition in the present case was filed the bank had a valid lien upon these policies for the payment of its debt. The contracts under which they were pledged were valid and enforceable under the laws of New York where the debt was incurred and the lien created. The Bankruptcy Act did not attempt by any of its provisions to deprive a lienor of any remedy which the law of the state vested him with; on the other hand, it provided (section 67d): 'Liens given or accepted in good faith * * * shall not be affected by this act.'"

In York Mfg. Co. v. Cassell the court held that under its conditional sale the York Manufacturing Company had the right to take the machinery out of the premises, bankruptcy having supervened. Prior to bankruptcy here the bankrupt had by valid contract given Drought the right to realize upon his debt by notice and sale. This contract right the bankruptcy neither attempted to nor could impair, and until, in the exercise of its administrative powers, the bankruptcy court undertook the administration of this property in order to realize the equity of the bankrupt, the power of sale was unaffected and unimpaired, and this, in my opinion, whether the foreclosure proceedings had been commenced before or after bankruptcy intervened.

In this case, foreclosure proceedings having commenced before the filing of the petition in bankruptcy or the adjudication, at the times of those procedures the property was in the possession of the trustee, and did not pass into the possession of the bankruptcy court, so that, if a sale by trustee under a power commenced after bankruptcy would be avoided under the decision in the Eppstein and Dayton Cases, supra, such decision could not affect this transaction, since the basis of those decisions, the possession of the bankrupt at the time of the bankruptcy, is wanting here.

Believing as I do, then (1) that the power of sale, being a valid contract right, acquired before bankruptcy and not subject to be affected by it, can be exercised as well after as before bankruptcy, and (2) that, if wrong in this, the beginning of foreclosure proceedings before bankruptcy operated to bring this case within the principle of Hiscock v. Bank, I find the sale under the deed of trust to be valid and effectual, and not subject to be set aside or interfered with at the suit of the trustee, and that therefore the plaintiff's suit is without equity, and should be dismissed.

Let a decree be prepared in accordance with this opinion.