## HIRSCH v. MORTON.

(Circuit Court of Appeals, Third Circuit. July 2, 1926.)

No. 3436.

1. **Bankruptcy ⊚═287(1)—Adverse claimant of fund never in possession of bankrupt, or bankrupt estate, waiving right to have summary petition of ancillary receiver dismissed, and litigating on the merits his claim, and being shown owner, should be so adjudged.**

While one having claim adverse to, and not through, bankrupt to fund in bank, not in possession of bankrupt estate, and never in that of bankrupt, was entitled to have summary petition of ancillary receiver therefor dismissed, and receiver driven to a plenary suit; yet, having waived the right, and submitted and litigated on the merits his adverse claim, and this course being acquiesced in by the ancillary receiver, and claimant having been shown owner of the fund, it should have been adjudicated to him, it not being a mere case of collection of the assets of bankrupt in the district, in which the court can only transmit the funds to the bankruptcy court for distribution.

2. **Appeal and error ⊚═843(1)—Though lower court did not pass on merits, appellate court will, on reversal, do so; counsel stipulating therefor.**

Though lower court did not pass on the merits, appellate court, instead of vacating decree and directing this to be done, will do so; counsel stipulating that, in case of reversal, it do so.

Appeal from the District Court of the United States for the Western District of Pennsylvania; Frederic P. Schoonmaker, Judge.

Summary petition by W. A. Morton, ancillary receiver of the Kavanaugh De Niro Construction Company, against Henry Hirsch and another. From adverse order, Hirsch appeals. Reversed, and recommendations of master affirmed.

Chas. H. Sachs and Sachs & Caplan, all of Pittsburgh, Pa., for appellant.

Frank R. S. Kaplan, of Pittsburgh, Pa., for appellee.

Before BUFFINGTON and DAVIS, Circuit Judges, and THOMSON, District Judge.

BUFFINGTON, Circuit Judge. Stripped of other and irrelevant matter, the facts pertinent to the determination of this case are as follows:

The Kavanaugh De Niro Construction Company, hereafter called Niro Company, leased from the Osgood Company a steam shovel, and thereafter, fraudulently assuming ownership, sold the same to Henry Hirsch for $5,850, who paid $1,000 cash and later paid to the Diamond National Bank of Pittsburgh, on a draft drawn by Niro Company on him, the balance of the purchase money, $4,850. While the sum was lying in the bank, Hirsch discovered the fraud perpetrated on him, notified the bank of the premises, and the Osgood Company brought an action of replevin against Hirsch, and recovered its steam shovel. On the adjudication of the Niro Company as a bankrupt, and the appointment of ancillary receivers in bankruptcy in the District Court for the Western District of Pennsylvania, the receivers presented a petition to that court against Hirsch and the bank, and prayed that the latter be directed to pay the said $4,850 to the receivers. To this petition Hirsch made answer, the bank regarding itself as a mere stake holder, making none, and set forth the foregoing facts, asserted that he was an adverse claimant to the fund and that he could not be brought by direct process into the bankrupt court to have his title to the fund adjudicated, but that he was "nevertheless willing to submit to the jurisdiction of this court to have the ownership of the said fund determined and adjudicated." Thereupon the court directed "that the issues raised by the petition and answer in the above-entitled proceeding be and hereby are referred to Watson B. Adair, Esq., as special master, for examination, testimony, and report."

In pursuance of his appointment, the master, after disposing of questions of attachments, election of remedy, laches, and other matters not here relevant, but all of which having been duly considered, reported the facts substantially as above recited, and recommended the petition of the receivers be dismissed, and the bank directed to pay the fund to Hirsch. The receiver filed exceptions to the report of the master, none of which challenged his jurisdiction or that of the court, and none of which the court below disposed of, saying: "We express no opinion on the merits of the Hirsch claim, but merely rule that we cannot pass upon it." The court, however, as it had a right to do, itself raised the question of its own jurisdiction, and on that point said: "As we view the law, the jurisdiction of this court extends merely to the collection of the assets of the bankrupt in this district and the transmission of them to the Ohio District Court for distribution. Hirsch cannot, by intervention here, have his claim on this fund determined. West v. Empire Life Ins. Co. (D. C.) 242 F. 605, 606; Knauth, Nachod & Kuhne v.

Latham & Co., 242 U. S. 426, 428, 37 S. Ct. 139, 61 L. Ed. 404."

[1] In so holding we are of the opinion the court below fell into error, and the basis of its error was the assumption that it was dealing with a case of "the collection of the assets of the bankrupt in this district." Had such been the case, its conclusion would have followed. But here the money was in the bank, and Hirsch claimed to be, and the finding of the master showed he was, the owner of it, and that the bankrupt never had title to it, because it had perpetrated a fraud on Hirsch. Hirsch never claimed the money through the bankrupt, or through his estate. His claim was adverse to the bankrupt. If Niro Company had not become bankrupt, and had sought to recover this money, its remedy would have been by plenary suit. When Niro was adjudged bankrupt in Ohio, its right to bring suit—and nothing more— passed to the receiver or trustee, and the latter could only resort to a plenary suit to assert ownership of the fund. Hirsch's claim being adverse to the bankrupt, and not through it, the ancillary's only right of action was by a plenary suit, and therefore the court below had no jurisdiction to compel Hirsch to litigate his adverse claim on a summary petition made by the receiver, and when served with such petition it was Hirsch's right to call the court's attention to the fact that he was an adverse claimant, and stand on his status to have an independent suit brought against him.

But it was also his privilege to waive such right, and to submit his adverse claim to the judgment of the court. This waiver by Hirsch, and this suggested mode of procedure, the ancillary receiver acquiesced in, and a master was chosen to pass on Hirsch's adverse claim. This he did, and decided that Hirsch, not the bankrupt or his estate, owned the fund, and, such being the fact, why should Hirsch not have it, after the receiver had chanced the issue and lost in a tribunal of his own choosing. Good faith, an ending of litigation, and the adjudged principles and decisions of federal courts sitting in bankruptcy, constrain our upholding Hirsch's contention. Having an adverse claim to a fund not in the possession of the bankrupt estate, and never in that of the bankrupt, Hirsch was entitled to have this summary petition dismissed, and the receiver driven to a plenary suit. Having waived that claim and litigated on the merits, Hirsch should be adjudged the fund to which the bankrupt by its fraud had acquired no title.

[2] As the court below did not pass on the merits of the case, the regular course would be to vacate the decree and direct that this be done; but, inasmuch as counsel have by stipulation agreed that in case of reversal this court should pass on the merits, which counsel have discussed, we have done so, and are of opinion the master committed no error, and that his recommendations should be affirmed.