### RHODE v. DURST et al.

### In re GILLETTE REALTY CO.

Circuit Court of Appeals, Ninth Circuit. October 29, 1928.

Rehearing Denied November 30, 1928.

No. 5476.

See, also, 18 F.(2d) 687.

James M. Kerr, Volney P. Mooney, Jr., and Earl Stuart Rhode, all of Los Angeles, Cal., for appellant.

E. O. Leake and Ernest U. Schroeter, both of Los Angeles, Cal., for appellee.

Before GILBERT, RUDKIN, and DIETRICH, Circuit Judges.

DIETRICH, Circuit Judge. The Gillette Realty Company issued four notes, for $10,000 each, secured by its trust deed. Three of the notes were retired, and upon the fourth $6,000 had been paid at the time the Gillette Company went into bankruptcy. The deed and this fourth note passed into the possession of the trustee, who, learning that the appellant, Mrs. Rhode, claimed some interest in them, upon petition to the bankruptcy court procured an order requiring her to appear and show cause why the deed and note should not be adjudged the unincumbered property of the estate. Due service having been made upon her, she appeared generally, without any objection to the jurisdiction of the bankruptcy court, and answered. Whereupon a trial was had, resulting in a finding and order adjudging that she had a vested interest in the securities as collateral to the extent of $200, but not more. On petition for review filed by appellant, an order, and the only final order in the case, was made by the court below on February 3, 1928, confirming the referee's action.

The appellant's "petition on appeal," by which the record was brought here, in so far as it is material, is as follows:

"That petitioner feeling aggrieved by the order and/or orders and decree and/or decrees rendered and made and entered on February 28, 1928, and on various dates prior thereto in said proceedings in favor of said Walter C. Durst, as such trustee aforesaid of said bankrupts, and against your petitioner-appellant, said petitioner-appellant for the reasons specified in the assignment of errors filed herewith, desires to appeal from said orders and/or decrees made and entered aforesaid."

It was presented on March 5th, and is indorsed, "Appeal allowed and stay of proceedings granted upon" the giving of bond, etc., dated March 5, 1928, and signed by the judge of the court below.

In the record we find no order or judgment made or entered on February 28, 1928, nor any appealable order or judgment other than the one of February 3d above referred to. On February 14th, appellant filed a petition to vacate this order of February 3d, which, by an order entered February 20th, was denied. On this latter date appellant

again moved to dismiss the original petition of the trustee, and on February 27th the motion was denied.

Under section 24 of the Bankruptcy Act, as amended by the Act of May 27, 1926 (44 Stat. 662, 664; 11 USCA § 47, Pocket Supp.), an appeal in such cases must be taken within 30 days. Resolving a very serious doubt in appellant's favor, and assuming that the petition on appeal, by its general reference to decrees and orders "on various dates prior" to February 28, 1928, is sufficient to bring up for review the order of February 3d, and that the 30-day period for taking an appeal was extended by the pendency of the petition to vacate, we are of the opinion that the order should be affirmed. Substantially the only contention made by appellant is that the bankruptcy court was without jurisdiction to adjudicate the controversy in a summary proceeding. But, if the right to object to such jurisdiction ever existed (a point we do not decide), appellant waived it. Where, as in such a case, the question is one of personal privilege only, a defendant cannot appear generally, and, after submitting to a trial of the controversy upon its merits, be heard to object to the jurisdiction. 5 Remington on Bankruptcy (3d Ed.) par. 2197; 1 Collier on Bankruptcy (13th Ed.) p. 761; Chauncy v. Dyke Bros. (C. C. A.) 119 F. 1; Hirsch v. Morton (C. C. A.) 13 F.(2d) 701; First State Bank v. Fox (C. C. A.) 10 F.(2d) 116; Jones v. Blair (C. C. A.) 242 F. 783; People's National Bank v. Green (C. C. A.) 296 F. 294, 297.

Incidentally appellant suggests the question of the correctness of the referee's findings and the order based thereon. The findings are thought to be amply supported by the evidence and were approved by the trial court. No good reason appears for disturbing them, and accordingly the order of February 3, 1928, will be affirmed.