## LAZARUS, MICHEL & LAZARUS *v.* PRENTICE, RECEIVER OF MUSICA.

### APPEAL FROM THE CIRCUIT COURT OF APPEALS FOR THE FIFTH CIRCUIT.

No. 1012. Motion to dismiss or affirm submitted May 4, 1914.—Decided June 8, 1914.

Under clause 20 of § 2 of the Bankruptcy Act as added by the amendment of June 25, 1910, the bankruptcy courts have ancillary jurisdiction over persons and property within their respective territorial limits in aid of a trustee or receiver appointed in any court of bankruptcy.

Property of the bankrupt when seized by an ancillary receiver or trustee is held by virtue of the terms of the Bankruptcy Act to be turned over to the court of original jurisdiction and no right can be acquired in it by assignment subsequent to the petition which can defeat this purpose.

Under subd. d of § 60 of the Bankruptcy Act, attorney's fees for services in contemplation of bankruptcy are specifically provided for and are subject to revision in the court of original jurisdiction and not elsewhere. *In re Wood and Henderson,* 210 U. S. 246.

The seizure of property of the bankrupt by an ancillary receiver is a summary proceeding and not a plenary suit and the decision of the bankruptcy court in the jurisdiction of seizure that an intervenor claiming by virtue of an assignment of the bankrupts made after the petition and in payment of attorney's fees must assert the claims in the court of original jurisdiction is an administrative order, and the order of the Circuit Court of Appeals affirming the same is not reviewable in this court.

A motion to dismiss an appeal from the Circuit Court of Appeals will not be denied as premature because the record has not been printed if the record of proceedings in the District Court is here and this court is sufficiently advised as to the situation of the case to dispose of it without doing injustice to the parties. *National Bank* v. *Insurance Co.,* 100 U. S. 43.

Appeal from 211 Fed. Rep. 326, dismissed.

THE facts, which involve the jurisdiction of this court of appeals from the Circuit Court of Appeals in cer-

tain classes of bankruptcy matters, are stated in the opinion.

*Mr. H. Generes Dufour* and *Mr. Edwin T. Rice* for appellees in support of the motion.

*Mr. Henry L. Lazarus, Mr. David Sessler, Mr. Girault Farrar, Mr. Herman Michel,* and *Mr. Eldon S. Lazarus* for appellants, in opposition to the motion:

This court has jurisdiction of the cause of the appellants. See in support of this proposition: *Houghton* v. *Burden,* 228 U. S. 161; *Greey* v. *Dockendorff,* 231 U. S. 513; *Knapp* v. *Milwaukee Trust Co.,* 216 U. S. 545; *Hewitt* v. *Berlin Machine Works,* 194 U. S. 296; Bankruptcy Act, § 24a; acts of Congress, March 3, 1891, 26 Stat. 828, c. 517, § 6; Judicial Code, 1912, §§ 128, 241.

No printed record having been submitted to appellants or to the court, the motion to dismiss or affirm should be denied or be postponed until the regular hearing of this cause. *Power* v. *Baker,* 112 U. S. 710; *Crane Iron Co.* v. *Hoagland,* 108 U. S. 5; *National Bank* v. *Ins. Co.,* 100 U. S. 43; *Waterville* v. *Van Slyke,* 115 U. S. 290.

A motion to affirm coupled with a motion to dismiss will not be entertained unless there is color of ground in the motion to dismiss. *Chanute City* v. *Trader,* 132 U. S. 213, and cases cited therein.

The question of jurisdiction in this case cannot be determined without opening the record and looking into the merits of the controversy, and hence the motion to dismiss should be denied or deferred to the hearing on the merits. *Lynch* v. *De Bernal,* 131 U. S. (Appendix) XCIV.

The questions raised by this appeal are serious and not frivolous.

MR. JUSTICE DAY delivered the opinion of the court.

This is a motion to dismiss the appeal of Lazarus, Michel & Lazarus, interveners in a certain bankruptcy proceeding in the District Court of the United States for the Eastern District of Louisiana, where the intervening petition was dismissed (205 Fed. Rep. 413), which order was affirmed on appeal to the Circuit Court of Appeals for the Fifth Circuit (211 Fed. Rep. 326). The interveners now attempt to bring the case to this court by appeal on the ground that the judgment of the Circuit Court of Appeals was not final in the proceeding.

The facts are not materially in dispute, and, as found by both the District Court and the Circuit Court of Appeals, appear to be: Antonio Musica and Philip Musica were partners in trade under the firm name of A. Musica & Son, importers of hair in the City of New York. They had become largely indebted and on the nineteenth of March, 1913, a petition in involuntary bankruptcy was filed in the District Court of the United States for the Southern District of New York against the firm and the individual members thereof, and a receiver was appointed of the bankrupt estate, the partnership and its members being subsequently adjudicated bankrupts. On the same day the petition was filed the bankrupts and Arthur Musica were arrested as fugitives from justice in the City of New Orleans, and Lucy Grace Musica was held as a material witness. Upon search there was found upon their persons, variously distributed among them and concealed in divers ways, about $75,000 in money, and notes, mortgages and insurance policies amounting in value to some $50,000 more. Without going into detail, upon the admissions of the parties it became perfectly apparent that the property in question belonged to the bankrupt estate. The District Court for the Eastern District of Louisiana, upon petition, confirmed the receiver

as temporary receiver of that court and directed that all
the property be turned over to him to be transmitted to
the trustee or trustees in bankruptcy of A. Musica & Son
elected and qualified in the District Court for the Southern
District of New York, to be disposed of under and sub-
ject to the orders of that court.

While the Musicas took the case to the Circuit Court of
Appeals, no appeal has been sued. out by them to this
court, and the only questions here concern the interven-
tion of Lazarus, Michel & Lazarus, who, on April 28,
1913, filed an intervening petition in the District Court
for the Eastern District of Louisiana, claiming $15,000
as attorney fees for services rendered the Musicas in the
proceedings against them in the courts of Louisiana to
protect their property rights and possession and for serv-
ices to be rendered in representing them in proceedings
in New York, if their services were there required. The
decree of the District Court which was affirmed in the
Circuit Court of Appeals, dismissed the petition in inter-
vention of Lazarus, Michel & Lazarus, reserving their
right to assert whatever claim they may have in the
bankruptcy court of original and primary jurisdiction.

The filing of the petition and adjudication in the bank-
ruptcy court in New York brought the property of the
bankrupts wherever situated into *custodia legis*, and it
was thus held from the date of the filing of the petition,
so that subsequent liens could not be given or obtained
thereon, nor proceedings had in other courts to reach the
property, the court of original jurisdiction having ac-
quired the full right to administer the estate under
the bankruptcy law. *Mueller* v. *Nugent*, 184 U. S. 1;
*Acme Harvester Co.* v. *Beekman Lumber Co.*, 222 U. S.
300. Under clause 3 of § 2 of the Bankruptcy Act of
July 1, 1898, c. 541, 30 Stat. 544, the receiver in the
original case would have had the right, acting under
authority of the court, to take possession in a summary

proceeding of the bankrupts' property, found as was this, in possession of those admittedly holding it for the bankrupts, and to hold the property until the qualification of the trustee or until the bankruptcy petition should be dismissed, if that should happen. *Bryan* v. *Bernheimer*, 181 U. S. 188; *Mueller* v. *Nugent, supra*. Prior to the amendment of June 25, 1910, c. 412, 36 Stat. 838, this court had held that in cases where the bankruptcy court of original jurisdiction could itself make a summary order for the delivery of property to the trustee or receiver the court of ancillary jurisdiction could do so (*Babbitt* v. *Dutcher*, 216 U. S. 102), and by clause 20, added to § 2 by the amendment of June 25, 1910, the bankruptcy courts were specifically given ancillary jurisdiction over persons or property within their respective territorial limits in aid of a trustee. or receiver appointed in any court of bankruptcy. Under this amendment there can be no question that the District Court in Louisiana had authority to appoint a receiver and to take summary proceedings for the restoration of the bankrupts' estate which was in the custody of people having no right to it, in order that the same might be turned over to the bankruptcy court having jurisdiction for administration. Under the circumstances here shown, there can be no question that this authority was properly exercised in this case.

The property when seized was by virtue of the terms of the Bankruptcy Act held for and to be turned over to the court of original jurisdiction, and no right could be acquired in it by assignment subsequent to the filing of the petition which would defeat this purpose. Such assignment was a mere nullity, properly disregarded by the bankruptcy court, and notwithstanding which it could direct the delivery. of the bankrupts' property to the receiver by summary order. *Babbitt* v. *Dutcher, supra*. There is no contention that Lazarus, Michel & Lazarus had any lien upon this property at the time of the appre-

hension of the parties and the seizure of the property. Whatever rights they had are asserted to arise by virtue of the assignments made April 1, 1913, and after the filing of the original petition in bankruptcy.

For an attorney fee for services to be rendered in contemplation of bankruptcy the act makes specific provision in subdivision *d* of § 60, and the amount thus attempted to be used in contemplation of bankruptcy proceedings is subject to revision in the court of original jurisdiction and not elsewhere. See *In re Wood and Henderson*, 210 U. S. 246.

The contention of the appellants and the proposition upon which they rely to sustain jurisdiction in this court is that by their intervention in the proceeding in the United States District Court in Louisiana they initiated a controversy in the bankruptcy proceeding, which is appealable to this court from the Circuit Court of Appeals, as are ordinary cases in equity where original jurisdiction does not rest on diverse citizenship entirely (Judicial Code, § 128). To maintain that proposition *Hewit* v. *Berlin Machine Works*, 194 U. S. 296; *Coder* v. *Arts*, 213 U. S. 223; *Knapp* v. *Milwaukee Trust Co.*, 216 U. S. 545; *Houghton, Receiver,* v. *Burden*, 228 U. S. 161, and cases of that character are cited. In those cases it was held that controversies arising in bankruptcy, in the nature of plenary suits, concerning property claimed by others than the bankrupt do not come under the special provisions of the Bankruptcy Act governing petitions for review and appeals, but take the course of ordinary cases in equity and are not final in the Circuit Court of Appeals where other cases of a similar character would not be.

The Bankruptcy Act provides for review under § 24b of administrative orders and decrees in the course of bankruptcy proceedings which are not made specially appealable under § 25a. And controversies arising in bankruptcy proceedings, of the character of which we

have spoken, under § 24a, are appealable like other equity cases. See *Matter of Loving*, 224 U. S. 183. In this case merely ancillary jurisdiction in a summary proceeding in bankruptcy was invoked in the seizure of this property in the hands of those holding it for the bankrupts, and its character could not be changed or enlarged by the attempted intervention of Lazarus, Michel & Lazarus under alleged assignments of the property made after the filing of the petition in the original bankruptcy proceeding. We think the District Court was right in holding, and the Circuit Court of Appeals right in affirming its decision, that whatever claim Lazarus, Michel & Lazarus had under the circumstances here shown must be asserted in the court of original jurisdiction. The attempted intervention in the ancillary proceeding did not give jurisdiction over a controversy in bankruptcy appealable under the Judicial Code to the Court of Appeals and thence to this court. This conclusion must result in the dismissal of the attempted appeal here.

It is contended, however, that this motion is premature, because the record in this case has not been printed. It is true that ordinarily such motions made before the record is printed must be accompanied by a statement of facts upon which they rest or by printed copies of so much of the record as will enable the court to understand the case. Under the present practice it is permissible to file the record printed in the court below, and we have a printed transcript of the proceedings in the District Court. In this printed record matters which the briefs do not dispute are shown, and we think we are sufficiently advised as to the situation of the case to dispose of it now without doing injustice to the parties. *National Bank* v. *Insurance Co.*, 100 U. S. 43.

We reach the conclusion that this appeal

*Must be dismissed.*