## In re NEGRI.

District Court, W. D. Pennsylvania. December 17, 1928.

No. 12958.

Kountz & Fry, of Pittsburgh, Pa., for trustee.

Wm. K. Johnson, of Pittsburgh, Pa., for administrator.

SCHOONMAKER, District Judge. This case came on to be heard on the petition of the trustee in bankruptcy, H. M. Oliver, the answer of Carlo Colombo, administrator of the estate of Alphonso Negri, deceased, and proofs. From these, the following facts appear:

On the voluntary petition of Alphonso Negri, filed in this court on the 20th day of September, 1926, he was on that date adjudged a bankrupt, and H. M. Oliver, in the due course of bankruptcy proceedings, was duly appointed trustee in bankruptcy of said estate, qualifying as such trustee and now acting as such.

The bankrupt died October 28, 1927, and Carlo Colombo became the administrator of his estate, under appointment of the register of wills of Allegheny county, Pennsylvania. About September 1, 1928, the administrator discovered among the effects of Negri a bank book indicating that Negri had on deposit in the Banca Commerciale Italiana at Milano, Italy, 266,000 lire, such deposit being evidenced by a bank passbook issued by said bank, No. 24,750-E. This deposit was verified by the Italian bank, and was in existence at the date of the adjudication of Negri as a bankrupt by this court on September 20, 1926. The bankrupt failed to disclose this bank account in his schedules in bankruptcy. The trustee in bankruptcy never learned of its existence until so informed by Administrator Colombo about September 1, 1928.

The administrator, Colombo, and trustee, Oliver, are each claiming the exclusive right to administer this Italian bank fund. The trustee has petitioned the court to direct the administrator to deliver the Italian bank book in question to him, and to enjoin the administrator from proceeding to collect said fund. The administrator has answered, denying the trustee's right to administer this fund, and claiming his right to be superior to that of the trustee to the fund in question.

From the proofs in this case, it appears that under Italian law there exists a system of bankruptcy under which a merchant may be adjudged a bankrupt. It further appears that the Italian courts have recognized a foreign adjudication in bankruptcy, with a view to the collection of bankruptcy assets in Italy. Under the facts, as above stated,

718

we are of the opinion that the trustee is entitled to this fund.

By section 70a of the National Bankruptcy Act (11 USCA § 110(a), the trustee became "vested by operation of law with the title of the bankrupt, as of the date he was adjudged a bankrupt, * * * to all (1) documents relating to his property; * * * (5) property which prior to the filing of the petition he could by any means have transferred or which might have been levied upon and sold under judicial process against him. * * *" Therefore we hold that, at the time of the adjudication in bankruptcy in this case, the title to this bank account vested in the trustee in bankruptcy, and that the bankrupt could not, by concealing the bank passbook covering that deposit, prevent the trustee in bankruptcy from seizing and collecting the funds on deposit in the Italian bank. We consider this fund to have been from the date of the adjudication in bankruptcy in the constructive possession of the trustee in bankruptcy, and from that time on this court to have had exclusive jurisdiction to administer it, which jurisdiction the court is without liberty to surrender. Scott v. Goodman (D. C.) 25 F.(2d) 175, 177.

The Supreme Court of the United States has held that the bankruptcy court has power to adjudicate, without consent, controversies concerning the title arising either under section 67e, 60b, or 70e of the Bankruptcy Act (11 USCA §§ 96(b), 107(e), 110(e), where the possession was either actual or constructive. That court held that "jurisdiction * * * exists where the property was in the physical possession of the debtor at the time of the filing of the petition in bankruptcy, but was not delivered by him to the trustee; * * * where the property is in the name of the bankrupt's agent or bailee." Taubel v. Fox, 264 U. S. 426, 432, 44 S. Ct. 396, 398, 68 L. Ed. 770 (citing Page v. Edmunds, 187 U. S. 596, 23 S. Ct. 200, 47 L. Ed. 318); Mueller v. Nugent, 184 U. S. 1, 15, 22 S. Ct. 269, 46 L. Ed. 405.

It has further been held that the filing of the petition and adjudication in bankruptcy brings the property of the bankrupt, wherever situate, in custodia legis, so that thereafter no subsequent liens could be given or obtained thereon, or proceedings had in other courts to reach the property, the bankruptcy court having acquired full right to administer the estate of the bankruptcy law. Lazarus v. Prentice, 234 U. S. 263, 266, 34 S. Ct. 851, 58 L. Ed. 1305.

It would appear, therefore, that on the date of the filing of the petition in bankruptcy the trustee obtained a constructive possession of this bank deposit, and the subsequent death of the bankrupt would not change that constructive possession, or give his administrator any right to claim or administer the funds. The bank book conveying the title to this bank deposit should have been delivered to the trustee on the date of the adjudication. The trustee was entitled to it at that time; it having been discovered since his death and having come into the possession of the respondent herein, Carlo Colombo, administrator of his estate, we believe that we have summary jurisdiction, and direct him to deliver this bank book to the trustee in bankruptcy, in order that the said trustee may have proper proofs on which to claim this deposit in the Italian bank.

An order may be submitted, directing the said Carlo Colombo to deliver said bank book to the trustee in bankruptcy in this case, and further directing the trustee in bankruptcy to present claim upon the Banca Commerciale Italiana for the amount on deposit there.

We do not, at this time, grant the injunction prayed for against Colombo. He may, if he thinks proper, claim said bank deposit before the Italian courts; but, if the same be awarded to him under the Italian law, we reserve for future consideration the question of whether he may then be required to turn said fund over to the trustee in bankruptcy for administration by this court.