WALTON v. EQUITABLE TRUST CO.

1. BANKRUPTCY—JURISDICTION OVER PROPERTY.
     Upon filing of voluntary petition in· bankruptcy, all of the
     debtor's property, wherever located, is subjected to· the ex-
     clusive jurisdiction of the bankruptcy court and such juris-
     diction is not lost by the bankrupt's later transfer of a part
     of the estate to others, nor did he have power to execute a
     mortgage, binding on the receiver, while the property was *in
     custodia legis* (47 Stat. at L. 1467, as last amended by 49
     Stat. at L. 246).
2. PLEADING—MOTION TO DISMISS.
     On motion to dismiss, facts well pleaded must be taken as true.
3. BANKRUPTCY—TITLE OF RECEIVER—DEALING BETWEEN BANKRUPT
     AND CREDITOR.
     Agreement between bankrupt and one of his creditors, whereby
     latter waived his claim which had been allowed in the bank-
     ruptcy proceedings and accepted the bankrupt's promise to
     pay 40 per cent. of the claim secured by a mortgage on a
     stock of lumber belonging to the estate then in the hands
     of the receiver, would not divest the receiver of title to the
     property even though it had notice of such dealings between
     the bankrupt and the creditor (47 Stat. at. L. 1467, as last
     amended by 49 Stat. at L. 246).

Appeal from Wayne; Chenot (James E.), J.  Sub-
mitted January 15, 1941.  (Docket No. 65, Calendar
No. 41,419.)  Decided March 11, 1941.  Rehearing
denied May 21, 1941.

Case by H. H. Walton against Equitable Trust
Company, a corporation, for disposal of lumber
claimed to be mortgaged to plaintiff.  From order
granting motion to dismiss, plaintiff appeals.  Af-
firmed.

*Max Kahn*, for plaintiff.

*Douglas, Barbour, Desenberg & Purdy,* for defendant.

McALLISTER, J.   On December 26, 1937, Herman I. Hymans, who was engaged in the lumber business in the city of Detroit, filed a petition in bankruptcy under section 74 of the Federal bankruptcy act, 47 Stat. at L. 1467, as last amended by 49 Stat. at L. 246, in the United States district court for the eastern district of Michigan.   On January 11, 1938, defendant, Equitable Trust Company, was appointed, and qualified, as receiver of the assets of Hymans.

At the time of the filing of the petition in bankruptcy, Hymans was indebted to plaintiff, H. H. Walton, in the sum of $24,195.48 for merchandise. This indebtedness was largely evidenced by promissory notes.   Plaintiff, in due course, filed proof of claim which was allowed in the bankruptcy proceedings.

On May 3, 1938, after the allowances of said claim, plaintiff and Hymans entered into a contract whereby the plaintiff waived his claim in bankruptcy and accepted a promise on the part of Hymans to pay 40 per cent. of the claim.   This agreement to pay was secured by a mortgage executed by Hymans on a stock of lumber of the value of approximately $10,000, which was located at Athens, Tennessee, and a copy of the mortgage was filed with the clerk of the bankruptcy court.   Thereafter the trustee in bankruptcy disposed of the stock of lumber, without notice to plaintiff.   None of the proceeds was paid to plaintiff, and in January, 1939, the bankruptcy proceedings were closed.

On April 15, 1940, plaintiff filed a declaration in trespass on the case, which was afterward amended on May 23, 1940, against the Equitable Trust Company, claiming that the defendant had permitted the

bankruptcy proceedings to be closed without accounting to plaintiff for the sale of the lumber; that there was negligence in having employed Hymans as general manager and failing to supervise the business and account for the proceeds to plaintiff; and that it unlawfully sold the lumber and converted the proceeds, when all rights of said trustee in bankruptcy to the property had terminated on May 3, 1938, by reason of the contract between Hymans and plaintiff.

On June 4, 1940, defendant Equitable Trust Company filed a motion to dismiss plaintiff's declaration for failure to set forth a cause of action, and for the further reason that the sole and exclusive jurisdiction over the matters alleged in the declaration was in the Federal court. On September 25, 1940, the circuit court for the county of Wayne granted defendant's motion to dismiss, and plaintiff appeals.

Upon the filing of the petition in this case, all of the debtor's property, wherever located, was subjected to the exclusive jurisdiction of the bankruptcy court. *In re Gunder* (C. C. A.), 88 Fed. (2d) 284; certiorari denied, 301 U. S. 701 (57 Sup. Ct. 931, 81 L. Ed. 1356). Such jurisdiction is not lost by the bankrupt's later transfer of a part of the estate to others. *Lazarus, Michel & Lazarus v. Prentice,* 234 U. S. 263 (34 Sup. Ct. 851, 58 L. Ed. 1305); and the debtor did not have power to execute a mortgage, binding on the receiver, while the said property was *in custodia legis. Silberblatt v. Forcey,* 11 Fed. Supp. 484; affirmed (C. C. A.), 78 Fed. (2d) 1016.

It is claimed that the court erred in dismissing the declaration which, on its face, stated a cause of action inasmuch as it was therein alleged that in a hearing in the bankruptcy court, the agreement of March 3, 1938, between Hymans and plaintiff "was held to be a legal and valid contract binding upon the

plaintiff and said Herman I. Hymans, debtor.''
While it is true, on a motion to dismiss, facts well
pleaded must be taken as true, nevertheless, the fact
that the said contract was considered to be a valid
and binding contract between Hymans and plaintiff
did not subject the receiver to liability on the ground
that the said contract was binding upon it. Aside
from the above, nothing has been advanced by
appellant which would lead to the conclusion that the
private agreement between Hymans and plaintiff
was binding upon the receiver, even though it be
assumed that the receiver had notice of such deal-
ings. We cannot conclude from anything in the
record that the agreement between Hymans and
plaintiff had the effect of divesting the receiver of
title to the property in question.

With regard to the claims against the receiver
for negligence, mismanagement, and conversion,
plaintiff had, prior to the closing of the estate,
waived all of his claims in the bankruptcy proceed-
ings. We find no meritorious grounds upon which to
reverse the order of the trial court. Other matters
discussed are unnecessary to our determination.

The order of the circuit court is affirmed, with
costs to defendant.

SHARPE, C. J., and BUSHNELL, BOYLES, CHANDLER,
NORTH, WIEST, and BUTZEL, JJ., concurred.