In re STANDARD GAS & ELECTRIC CO.

HASTINGS v. H. M. BYLLESBY & CO.
et al.

No. 7410.

Circuit Court of Appeals, Third Circuit.

April 23, 1941.

Herbert L. Cohen, of Wilmington, Del., and Simon H. Rifkind, of New York City (William H. Button, of New York City, on the brief) for appellant.

Alexander B. Siegel, of New York City (William Prickett and Joseph S. Wilson, both of Wilmington, Del., on the brief), for Rosen and others.

Theodore Kiendl, of New York City (Thomas M. Keith, of Wilmington, Del., and Edwin Foster Blair and John D. Hyde, both of New York City, on the brief), for H. M. Byllesby & Co. and others.

H. G. Pickering, of New York City (William Prickett and Joseph S. Wilson, both of Wilmington, Del., and Stuart H. Steinbrink, of New York City, on the brief), for Amerex Holding Corporation.

Bethuel M. Webster, of New York City, for Albert S. Cummins.

Claire W. Hardy, of Chicago, Ill., for Arthur C. Allyn.

Edwin D. Steel, of Wilmington, Del. (Hugh M. Morris, of Wilmington, Del., and Cravath, de Gersdorff, Swaine & Wood, of New York City, on the brief), for Andrew W. Robertson.

Royal E. T. Riggs, of New York City (Howard Duane, of Wilmington, Del., and H. Preston Coursen, of New York City, on the brief), for Standard Power & Light Corporation.

John G. Frazer, of Pittsburgh, Pa. (Hugh M. Morris, of Wilmington, Del., on the brief), for Union Trust Co. of Pittsburgh.

Warren Roberts,. of Wilmington, Del., and White & Case, of New York City, for appellee First Security Co.

Before MARIS, CLARK, and JONES, Circuit Judges.

MARIS, Circuit Judge.

Standard Gas and Electric Campany, hereinafter called Standard, filed its petition for reorganization under Section 77B of the Bankruptcy Act, 11 U.S.C.A. § 207, in the District Court for the District of Delaware on September 27, 1935. A plan for its reorganization was confirmed March 5, 1938. The court had appointed Daniel O. Hastings special trustee on November 26, 1937, vested in him title to any causes of action which Standard might have and authorized him to prosecute the same. Pursuant to this authority Hastings filed a bill of complaint on July 27, 1938, in the District Court for the District of Delaware, alleging nineteen causes of action against fifty-six defendants. His theory was that some of the defendants had combined to gain control of Standard and had used such control so as to profit themselves at the expense of Standard, and others had contributed to such damage to Standard by their negligent failure to exercise that degree of care in the conduct of Standard's business required of them as corporate officers and directors. The plaintiff prayed for an accounting and for money judgments. Service of process was made in Delaware upon three defendants, which were Delaware corporations and residents of that state. Service was made upon fifty-three defendants who were residents of states other than Delaware upon process issued by the Delaware court and served outside the territorial limits of that state. None of the defendants consented to be sued in the district of Delaware. All appeared specially. The resident defendants moved to dismiss the complaint on the ground that in the absence of diversity of citizenship the court had no jurisdiction over the subject matter of the controversy. The nonresidents moved to vacate the order of the district court providing for service of process upon them outside the district, to vacate the return of service and to quash the subpoenas served upon them outside the district. The court found, as to the resident defendants, that it had no jurisdiction to entertain the suit and, as to the nonresidents, no jurisdiction over their persons. It entered an order quashing the process

and dismissing the complaint. This appeal followed.

We shall consider first the question as to the court's jurisdiction to entertain the suit against the resident defendants. The issue as to those defendants, Byllesby Corporation, H. M. Byllesby and Company and Standard Power and Light Corporation, is whether the district court sitting in the state of their incorporation has jurisdiction of a plenary action brought against them by the special trustee of the debtor, appointed under Section 77B of the Bankruptcy Act. Since the plaintiff, the debtor and the defendants are all citizens of Delaware there can, of course, be no jurisdiction based on diversity of citizenship. Nor can jurisdiction be based upon consent under Section 23, sub. b of the Bankruptcy Act, 11 U.S.C.A. § 46, sub. b, since the defendants at no time consented to be sued in that jurisdiction. The plaintiff contends that jurisdiction is conferred upon the district court by Section 2, sub. a of the Bankruptcy Act, 11 U.S.C.A. § 11, sub. a, and by the fact that the suit is one arising under the laws of the United States; that the limitation upon the power of a trustee in bankruptcy to bring suit which is contained in Section 23, sub. b of the Bankruptcy Act is not applicable to a suit brought by a trustee appointed in a corporate reorganization proceeding under either Section 77B of the Bankruptcy Act or Chapter X of the Act, 11 U.S.C.A. § 501 et seq., and that Chapter X applies to the present proceedings.

Subdivisions (6) and (7) of Section 2, sub. a of the Bankruptcy Act, as amended, 11 U.S.C.A. § 11, sub. a (6) and (7), upon which the plaintiff relies, grant to the district courts, sitting as bankruptcy courts, the jurisdiction "within their respective territorial limits" to:

"(6) Bring in and substitute additional persons or parties in proceedings under this Act [title] when necessary for the complete determination of a matter in controversy;

"(7) Cause the estates of bankrupts to be collected, reduced to money and distributed, and determine controversies in relation thereto, except as herein otherwise provided, and determine and liquidate all inchoate or vested interests of the bankrupt's spouse in the property of any estate, whenever under the applicable laws of the state, creditors are empowered to compel such spouse to accept a money satisfaction for such interest."

The exception referred to is found in Section 23 of the Bankruptcy Act, 11 U.S. C.A. § 46, which, as amended, provides:

"a. The United States district courts shall have jurisdiction of all controversies at law and in equity, as distinguished from proceedings under this Act [title], between receivers and trustees as such and adverse claimants, concerning the property acquired or claimed by the receivers or trustees, in the same manner and to the same extent as though such proceedings had not been instituted and such controversies had been between the bankrupts and such adverse claimants.

"b. Suits by the receiver and the trustee shall be brought or prosecuted only in the courts where the bankrupt might have brought or prosecuted them if proceedings under this Act [title] had not been instituted, unless by consent of the defendant, except as provided in sections 60 [96], 67 [107], and 70 [110] of this Act [title]."

Prior to bankruptcy Standard could not have sued these Delaware defendants in the district court for that state upon the cause of action here alleged. Nor could its trustee in bankruptcy have done so thereafter in view of the provisions of section 23, sub. b unless the defendants had consented to be sued in that district.[1] Bardes v. Hawarden Bank, 178 U.S. 524, 20 S.Ct. 1000, 44 L.Ed. 1175; Schumacher v. Beeler, 293 U.S. 367, 55 S.Ct. 230, 79 L.Ed. 443. The question remains whether the limitation of section 23, sub. b applies to a plenary suit brought by a trustee appointed for a corporation in reorganization under section 77B.

Subdivision o of section 77B provides that all sections of the Bankruptcy Act consistent with section 77B are applicable to proceedings thereunder. Furthermore subdivision k does list several sections of the Bankruptcy Act which are expressly made inapplicable to reorganization proceedings under section 77B. Section 23 is not one

---

[1] It is expressly provided in section 23 that it shall have no application to sections 60, 67 and 70 of the Bankruptcy Act, 11 U.S.C.A. §§ 96, 107, 110, which govern suits to set aside preferences and fraudulent transfers within the statutory four months' period and to void transfers in the manner creditors of the bankrupt might have done. These exceptions are, however, immaterial to the present controversy.

of the sections so listed. It thus appears that section 77B does not expressly exclude the application of section 23 to corporate reorganization proceedings and that if such exclusion is to be inferred it must be on the basis that the two sections are inconsistent.

The plaintiff relies in support of his argument that the two sections are in fact inconsistent upon that part of subdivision a of section 77B, 11 U.S.C.A. 207, sub. a, which provides: " * * * If the petition or answer is so approved, an order of adjudication in bankruptcy shall not be entered and the court in which such order approving the petition or answer is entered shall, during the pendency of the proceedings under this section, have exclusive jurisdiction of the debtor and its property wherever located for the purposes of this section, and shall have and may exercise all the powers, not inconsistent with this section, which a Federal court would have had it appointed a receiver in equity of the property of the debtor by reason of its inability to pay its debts as they mature. * * *"

■■■ Is the exclusive jurisdiction of the debtor and its property, wherever located, which is given to the reorganization court by subdivision a of section 77B, inconsistent with the requirement of section 23 that a plenary suit by a trustee against adverse claimants must be brought in the district in which the bankrupt could have sued? We find no inconsistency between the two provisions. The grant of exclusive jurisdiction over the debtor and its property was not a departure from established bankruptcy practice. The Bankruptcy Act, 11 U.S.C.A. § 1 et seq., from the time of its enactment had conferred upon courts of bankruptcy exclusive jurisdiction over bankrupts and their property. Isaacs v. Hobbs Tie & T. Co., 282 U.S. 734, 51 S.Ct. 270, 75 L.Ed. 645; Lazarus, etc. v. Prentice, 234 U.S. 263, 34 S.Ct. 851, 58 L.Ed. 1305; Forcey v. Silberblatt, 3 Cir., 78 F.2d 1016. This jurisdiction which is exercised by courts of bankruptcy in summary form has uniformly been held to extend only to the person of the bankrupt

and to property in his possession or in the possession of third persons who do not claim adversely to him or whose claims are colorable only. See Taubel-Scott-Kitzmiller Company, Inc. v. Fox, 264 U.S. 426, 44 S.Ct. 396, 68 L.Ed. 770. In that case Mr. Justice Brandeis said (264 U.S. pages 430, 431, 44 S.Ct. page 398):

"Congress has, of course, power to confer upon the bankruptcy court jurisdiction to adjudicate the rights of trustees to property adversely claimed. In matters relating to bankruptcy its power is paramount. Hence, even if the property is not within the possession of the bankruptcy court, Congress can confer upon it, as upon any other lower federal court, jurisdiction of the controversy, by conferring jurisdiction over the person in whose possession the property is. Congress has, also (subject to the constitutional guaranties), power to determine to what extent jurisdiction conferred, whether through possession of the res or otherwise, shall be exercised by summary proceedings and to what extent by plenary suit. But Congress did not, either by section 2, section 23 of the Bankruptcy Act of 1898 * * *, or any other provision of the act, confer generally such broad jurisdiction over claims by a trustee against third persons."

In section 77B Congress likewise did not by any express language confer broad jurisdiction over claims by a debtor or its trustee against third persons. We think that such jurisdiction is not to be implied from the grant of jurisdiction over the debtor's property, but that the latter jurisdiction is essentially similar in nature to that possessed by courts of bankruptcy over the property of bankrupts.

■■■ In a broad sense a claim by a debtor against a third person is property of the debtor. As such the reorganization court may direct its prosecution by the trustee of the debtor [2] if it is appropriate to do so in order to effect the debtor's reorganization. But it is a species of property which may only be realized upon for the benefit of the debtor and its creditors by the successful prosecution of a plenary suit against

---

[2] In an action brought by the present plaintiff in the Supreme Court of New York against some of the present defendants that court granted a motion to dismiss on the ground that the plaintiff was not a trustee but merely an equity receiver and, therefore, had no right to sue in a court outside of the jurisdiction in

which he was appointed. It seems clear, however, from an examination of the order of appointment that the plaintiff was appointed trustee under section 77B with title to the choses in action sued on and with the powers which the Bankruptcy Act confers upon such a trustee to bring suit for the recovery thereof.

the third persons involved. We have seen that section 77B does not purport to confer jurisdiction over those persons. Such claims must therefore be enforced by plenary suits brought in courts whose existing jurisdiction is appropriate to entertain them. Section 23 merely defines and limits that jurisdiction. It does not affect the summary jurisdiction of the reorganization court over the debtor's property.

It is true that the jurisdiction conferred by section 77B is over the debtor's property "wherever located," and that in this respect the section departs from the earlier provisions of section 2, sub. a which restricted the summary jurisdiction of the courts of bankruptcy to "their respective territorial limits." Under those earlier provisions it was necessary for a trustee in bankruptcy to institute ancillary proceedings in other districts in order to deal with property of the bankrupt located in those districts. Subdivision (20) of Section 2, sub. a expressly confers such ancillary jurisdiction upon courts of bankruptcy. It was to eliminate the necessity for such expensive and time consuming ancillary proceedings that Congress conferred upon the reorganization court jurisdiction over the debtor's property "wherever located." This is clear from the legislative history of the Act of June 7, 1934, c. 424, 48 Stat. 912, which added section 77B to the Bankruptcy Act.[3] We think it is equally clear that Congress did not intend to ignore the distinction theretofore recognized in the Bankruptcy Act between jurisdiction over persons and jurisdiction of property—between proceedings in personam and in rem—and that subdivision a of section 77B did not affect the existing jurisdiction of the bankruptcy courts over the former or conflict with the restrictions which section 23 placed upon that jurisdiction. This conclusion is fully supported by the opinion of the Circuit Court of Appeals for the Seventh Circuit in the case of In re Prima Co., 98

F.2d 952, certiorari denied sub. nom., Keig v. Harris Trust & Savings Bank, 305 U.S. 658, 59 S.Ct. 357, 358, 83 L.Ed. 426. See also Thompson v. Terminal Shares, Inc., 8 Cir., 104 F.2d 1, 9, certiorari denied 306 U.S. 652, 59 S.Ct. 643, 83 L.Ed. 1051, 308 U.S. 559, 60 S.Ct. 100, 84 L.Ed. 410 and Tilton v. Model Taxi Corporation, 2 Cir., 112 F.2d 86.

■ We must determine, in addition, whether section 23 is inconsistent with the provision of section 77B that the reorganization court "shall have and may exercise all the powers, not inconsistent with this section, which a Federal court would have had it appointed a receiver in equity of the property of the debtor by reason of its inability to pay its debts as they mature." This reference to the powers which a federal equity court exercises when it appoints a receiver is to the substantive powers which such a court exercises over the property in its custody rather than to its jurisdiction to entertain plenary suits growing out of the receivership. Finletter, Principles of Corporate Reorganization, page 187. This becomes clear when subdivision a is considered in the light of subdivision o of section 77B which reads: "In proceedings under this section and consistent with the provisions thereof, the jurisdiction and powers of the court, the duties of the debtor and the rights and liabilities of creditors, and of all persons with respect to the debtor and its property, shall be the same as if a voluntary petition for adjudication had been filed and a decree of adjudication had been entered on the day when the debtor's petition or answer was approved." As we have already seen, under the other provisions of the bankruptcy law, neither Standard nor its trustee could sue the Delaware defendants in the Delaware district court sitting as a bankruptcy court.

■ For the reasons which we have stated we conclude that section 23 is not

---

[3] Report of the House Committee on the Judiciary, 73d Cong., 1st Sess., House Report 194:

"This bill if enacted will result in reducing the cost of reorganizing corporations entitled to its benefits in the following ways, provided, of course, a plan of reorganization is proposed and accepted by the required percentage of creditors and confirmed:

"(1) Ancillary receiverships are obviated.

\*        \*        \*        \*        \*        \*

"If the court is satisfied that the petition or answer complies with section 79 and is filed in good faith, it shall be approved, otherwise dismissed. If approved, the court in which the order of approval is entered, shall, during the pendency of the proceeding under section 79, have exclusive jurisdiction of the debtor and its property wherever located, for the purposes of this section. This eliminates the necessity of ancillary receiverships."

inconsistent with the provisions of section 77B and is applicable to suits brought by a trustee appointed in a reorganization proceeding under that section.

It remains to consider whether the provisions of Chapter X govern this suit, for in section 102 of that chapter, 11 U.S.C.A. § 502, which superseded section 77B in 1938, Congress expressly provided that section 23 was not applicable to proceedings under Chapter X without special order. The proceedings in the present case were not instituted under Chapter X nor are they pending under that chapter. The Chandler Act which substituted Chapter X for section 77B was approved June 22, 1938, and took effect September 22, 1938. The petition in this case was filed in 1935 and the plan of reorganization was confirmed in March, 1938, more than six months before the effective date of the act. The present suit was not instituted until July, 1938, which was after the confirmation of the plan.

■ Section 276 of Chapter X, 11 U.S.C.A. § 676,[4] provides that Chapter X shall apply to those reorganization proceedings commenced under section 77B prior to June 22, 1938, to the extent that its provisions are deemed by the court to be practicably applicable. But section 276 deals with reorganization proceedings whereas this suit, which is one to ascertain as between the trustee and strangers to the reorganization proceeding, the question whether the debtor is entitled to recover upon certain choses in action, is a plenary action to determine a controversy and not a reorganization proceeding. Compare Bardes v. Hawarden Bank, supra. The provisions of Chapter X are made applicable to reorganization proceedings but are not extended to plenary actions involving controversies at law or in equity instituted before the effective date of that chapter.

We conclude that the court did not err when it dismissed the complaint as to the resident defendants for want of jurisdiction of the controversy.

■ Jurisdiction of the district court was properly invoked, insofar as the non-resident defendants are concerned, upon the ground of diversity of citizenship in a controversy involving the statutory jurisdictional amount. Consequently, as to these defendants, the sole question is whether the court had power to issue process to be served upon them outside the territorial limits of its district. The plaintiff argues that such process is valid by reason of those provisions of subdivision a of section 77B which we have already quoted. It is upon the phrase "the court * * * shall * * * have exclusive jurisdiction of the debtor and its property wherever located" that the plaintiff rests his case that process issued out of the district court for the district of Delaware in this suit may be served anywhere in the United States. He contends that the claim which he is prosecuting against the defendants is property of the debtor, that the reorganization court has exclusive jurisdiction over such property and therefore may issue the process necessary to enforce that jurisdiction. As we have already pointed out, however, the nation-wide jurisdiction conferred upon the court by section 77B is merely over the property in the possession, actual or constructive, of the debtor. This summary jurisdiction is essentially in rem and while it enables the court to issue its process for service outside its district in a summary proceeding relating to the rem (Continental Illinois Nat. Bank & Trust Co. v. Chicago,

---

4 "Sec. 276 [§ 676]. a. This chapter shall apply to debtors by whom or against whom petitions are filed on and after the effective date of this amendatory Act and to the creditors and stockholders thereof, whether their rights, claims, or interests of any nature whatsoever have been acquired or created before or after such date;

*   *   *   *   *   *

"c. The provisions of sections 77A [206] and 77B [207] of chapter 8, as amended, of the Act entitled 'An Act to establish a uniform system of bankruptcy throughout the United States', approved July 1, 1898 [this title], shall continue in full force and effect with respect to proceedings pending under those sections upon the effective date of this amendatory Act, except that—

"(1) if the petition in such proceedings was approved within three months prior to the effective date of this amendatory Act, the provisions of this chapter shall apply in their entirety to such proceedings; and

"(2) if the petition in such proceedings was approved more than three months before the effective date of this amendatory Act, the provisions of this chapter shall apply to such proceedings to the extent that the judge shall deem their application practicable."

Rock Island Ry., 294 U.S. 648, 55 S.Ct. 595, 79 L.Ed. 1110) it does not extend to the persons of nonresidents who claim the property adversely or who defend choses in action asserted by the debtor.

The plaintiff argues that language identical with that of subdivision a of section 77B is found in section 77, 11 U.S.C.A. § 205, and that the Supreme Court in Continental Illinois Nat. Bank & Trust Co. v. Chicago, Rock Island Ry., supra, has construed that language as permitting the reorganization court to issue its process for service outside its district. In that case the debtor, a railroad, was in the process of reorganization under section 77 of the Bankruptcy Act. There were outstanding notes of the debtor secured by bonds having a face value in excess of the loans for which they were security. The reorganization court enjoined the pledgees from selling the collateral. Several of the pledgees were banks outside the district. They were served with notice but not with process, appeared specially and objected to the jurisdiction of the court. The Supreme Court held that the district court had jurisdiction to issue an injunction having extra territorial effect against interference with property of the debtor over which the court had admitted jurisdiction. In speaking of the right to issue process outside the territorial limits, it said (294 U.S. page 683, 55 S.Ct. page 609, 79 L.Ed. 1110):

"Jurisdiction over the property wherever located carries with it jurisdiction to enjoin, in a proper case, interferences with the property, and this includes, by necessary inference, the power to send process to that end for service upon the persons to be enjoined wherever they may be found within the United States."

It also held that the court had the power to issue the injunction in a summary proceeding. In that portion of its opinion the court made it clear that the present controversy is distinguishable. The court said (294 U.S. page 681, 55 S.Ct. page 608, 79 L.Ed. 1110): "Obviously, an application for an injunction against the immediate enforcement of a remedy is not the assertion of an adverse claim. The bonds deposited as collateral were not in the hands of purchasers, but in the hands of creditors as security. That the equity which the debtor retained was a property interest was not and could not be disputed by the creditors; nor was the claim of the creditors in respect of their rights in the collateral security or the rank of their liens questioned by the debtor. In short, no adverse claim was brought forward by either of the parties to the controversy. The only question was in respect of the creditors' remedy; and the sole point is as to the authority of the bankruptcy court to delay for a reasonable time an interference with the reorganization proceeding which would result from an immediate sale of the collateral."

It will thus be seen that while a reorganization court may issue all necessary process in support of its summary jurisdiction over the debtor's property, it may not without other statutory authority than is afforded by section 77B direct such process to be served upon defendants outside its own district when the suit is a plenary one brought under its diversity of citizenship jurisdiction by adverse claimants for the recovery of an unliquidated claim. The distinction between the two situations was made by the Circuit Court of Appeals for the Eighth Circuit in Thompson v. Terminal Shares, supra. In that case the debtor was a railroad in reorganization under Section 77 of the Bankruptcy Act. The trustee of the debtor brought suit in the District Court for the Eastern District of Missouri, 24 F.Supp. 724, which was the reorganization court. The defendants were served outside the district. The suit was to recover from the defendants moneys paid by the debtor prior to the filing of its petition for reorganization for the purchase of capital stock of three other corporations. The court vacated the service of process. As to the district court's want of right to issue the process the court said (104 F.2d page 9):

"To sustain the lower court's jurisdiction of this suit would do violence to the general policy of Congress that persons shall not be subjected to civil suits except in the districts of which they are inhabitants. Sec. 51 of the Judicial Code, 28 U.S.C. § 112, 28 U.S.C.A. § 112; Sec. 23 of the Bankruptcy Act, 11 U.S.C. § 46, 11 U.S.C.A. § 46; Robertson v. Labor Board, 268 U.S. 619, 627, 45 S.Ct. 621, 69 L.Ed. 1119. The language used by Congress in Section 77, in conferring jurisdiction upon the courts of bankruptcy, does not, in our opinion, indicate any intention to abandon that policy with respect to such suits as this. Compare United States v. Sweet, 245 U.S. 563, 572, 38 S.Ct. 193, 62 L.Ed. 473; First National Bank of Wellington v. Chapman, 173 U.S.

205, 214, 19 S.Ct. 407, 43 L.Ed. 669; Ex parte Crow Dog, 109 U.S. 556, 572, 3 S. Ct. 396, 27 L.Ed. 1030; In re Prima Co., supra ([7 Cir.,] 98 F.2d 952, 958). We think that the jurisdiction conferred by Section 77 upon the courts of bankruptcy is not to be regarded as general, plenary, nationwide jurisdiction at law and in equity over all questions incident to the collection of the claims of the debtor against third persons, but is to be considered as the traditional jurisdiction of such courts over the property of a bankrupt, wherever located, freed, however, from those limitations which made ancillary proceedings in other districts necessary, and with the powers which Federal equity courts exercise in receivership proceedings, so far as those powers may be necessary or appropriate in order to preserve and safeguard the property in the actual or constructive possession of debtors and in order to carry on their business pending reorganization."

Even more pertinent to the present controversy, because arising under section 77B are the two cases next to be discussed.

In United States v. Tacoma Oriental S. S. Co., 86 F.2d 363 the Circuit Court of Appeals for the Ninth Circuit held that a reorganization court, sitting in the Western District of Washington, was not given power by section 77B to issue its process for service upon defendants residing in the District of Columbia. The court said (86 F. 2d page 368): "We believe that the act giving exclusive jurisdiction of the lower court over the debtor's property wherever located simply means that the res (the debtor's property) is to be considered solely under the jurisdiction of the lower court. Any wrongful invasion, interference, or disposition of that res is to be dealt with solely by the lower court. Jurisdiction over a person outside the lower court's jurisdiction, is given to the lower court, only if such person is in some manner invading, interfering, or disposing of the debtor's res, and then only to the extent of preventing or forestalling the invasion, interference or disposition of such res. The act gives no jurisdiction to the trial court to issue its process outside its district in proceedings purely in personam, in which no protection of the debtor's res is involved."

In Bovay v. H. M. Byllesby & Co., 5 Cir., 88 F.2d 990, the trustees of a corporation in reorganization brought a plenary suit in the District Court for the Southern District of Mississippi, the reorganization court, for an accounting by and judgments against defendants for moneys alleged to have been fraudulently diverted from the treasury of the debtor. Service of process issued out of the reorganization court was had upon the defendants in Illinois and Delaware. They appeared specially and moved to quash the service and dismiss the suit. The motions were granted. In affirming the decree the Circuit Court of Appeals for the Fifth Circuit said (88 F.2d page 992):

"This is not a suit to recover property admittedly owned by the bridge company, nor one for a stay or injunction of any kind. It is a suit upon a chose in action, or choses in action, and seeks a judicial determination of the validity of an alleged indebtedness of appellees for moneys due appellants as trustees of the debtor. It is conceded that a chose in action which belongs to the debtor is an intangible asset, subject to the control of the bankruptcy court, but the title to the thing is not sufficient to confer jurisdiction over the person of the defendants owing the money who reside in another district and are beyond the ordinary processes of the court.

"If the District Court had appointed a receiver in equity of the property of the debtor by reason of its inability to pay its debts, it would not have acquired jurisdiction of a suit by that receiver on a claim, such as is here asserted, against a nonresident of the district not doing business therein and not found or served therein. Barfield v. Zenith Tire & Rubber Co. (D. C.) 9 F. (2d) 204, affirmed sub nom. Kirby v. Wilson [6 Cir.] 27 F. (2d) 327. Our conclusion is that, under paragraphs (a) and (c), the process served upon appellees outside of the district was ineffective to acquire jurisdiction of the suit in personam against them."

We conclude upon reason and authority that the reorganization court had no power under section 77B to issue its process to be served outside the territorial jurisdiction of that court.

The order of the district court is affirmed.