**In the Matter of Max SCHACHTER, Leo Schachter and Bernard L. Schachter, individually and as copartners, doing business as Schachter Bros., Alleged Bankrupts.**

### No. 91960.

United States District Court
S. D. New York.

Aug. 1, 1956.

Eckhaus & Leader, New York City, for alleged bankrupts.

Hahn & Golin, New York City, for petitioning creditors.

Sidney Posner, New York City, counsel to the Sheriff.

Blum, Jolles, Gruber, Szabad & Gersen, New York City, for Arm & Krauss, Inc., creditor. Irving M. Gruber, Leanora S. Gruber, Zola A. Aronson, New York City, of counsel.

LEVET, District Judge.

The alleged bankrupts have petitioned this Court for an order directing the transfer of certain furs to them

which are now in the possession of the Sheriff of the City of New York.

An involuntary petition in bankruptcy was filed in this Court against the alleged bankrupts on June 27, 1956. No receiver has been appointed nor has there been a request for such appointment. The petitioners have not as yet been adjudicated bankrupt and, therefore, no trustee has been elected. On June 29, 1956, a replevin action was commenced by Arm & Krauss, Inc., a creditor of the alleged bankrupts, upon the ground that certain furs, including the furs with which this proceeding is concerned, were sold by them to the bankrupts on the basis of false and fraudulent representations. Upon the commencement of said action, the Sheriff of the City of New York, pursuant to an affidavit, undertaking and requisition to replevy, took possession of certain furs, allegedly valued at $1,700. Said furs are now stored in a refrigerated, insured warehouse in this City. A bond in excess of five times the value of the replevied furs has been filed.

The issue here is whether the creditor, Arm & Krauss, Inc., should be permitted to proceed with their action or whether said action interferes with the jurisdiction of the Bankruptcy Court.

 It is clear beyond cavil that the filing of a petition in bankruptcy, whether voluntary or involuntary, is a caveat to all the world that the property of the bankrupt, wherever situated, was at once in custodia legis, so that subsequent proceedings cannot be had in other Courts to reach such property. Lazarus, Michel & Lazarus v. Prentice, 234 U.S. 263, 34 S.Ct. 851, 58 L.Ed. 1305; Mueller v. Nugent, 184 U.S. 1, 22 S.Ct. 269, 46 L.Ed. 405; In re Times Square Auto Supply Co., Inc., 2 Cir., 1931, 47 F.2d 210, certiorari denied Bank of United States v. Irving Trust Co., 283 U.S. 856, 51 S.Ct. 649, 75 L.Ed. 1463; In re Columbia Shoe Co., 2 Cir., 1923, 289 F. 465; In re Briskman, D.C.W.D.N.Y., 1904, 132 F. 201.

Consequently, the creditor must surrender the furs which it replevied subsequent to the filing of the involuntary petition in bankruptcy. However, the furs shall not be turned over to the bankrupts. The Sheriff of the City of New York shall permit the furs to remain in storage pending the election of a trustee in bankruptcy, at which time they shall be turned over to the trustee, who will then compensate the Sheriff for the costs necessarily incurred as a result of said storage.

So ordered.